**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 17, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MATTHEW J. THOMAS,

Defendant - Appellant.

No. 05-3237

(D. Kansas)

(D.C. No. 04-CR-20046-CM)

**ORDER AND JUDGMENT** *

Before **TACHA** , Chief Circuit Judge,   **ANDERSON** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Matthew J. Thomas was charged in an indictment with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Thomas filed a motion to dismiss his indictment, arguing that his prior conviction for burglary and theft under Kansas state law did not qualify as a felony for purposes of § 922(g)(1). The district court denied this motion. Thomas then pled guilty, reserving his right to appeal the district court's denial of his motion to dismiss, and was sentenced to twenty-one months' imprisonment, followed by two years of supervised release, and a $100 special assessment. He now appeals the district court's ruling on his motion to dismiss. We reverse.

The statutory provision governing Thomas's current conviction, 18 U.S.C. § 922(g)(1), states: "It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition." 18 U.S.C. § 922(g)(1). The issue of what constitutes "a crime punishable by imprisonment for a term exceeding one year," for purposes of § 922(g)(1), is governed by "the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(a)(20).

In this case, the arrest that led to Thomas's prior conviction occurred in Lawrence, Kansas, in February 2000, when Thomas was sixteen years old. Thomas was given adult status for purposes of his prosecution. On April 6, 2000,

Thomas pled guilty in Kansas state court to charges of auto burglary and theft. On July 6, 2000, he was sentenced to eight months' imprisonment, suspended, and twelve months' probation.

Under Kansas law, a sentencing judge "shall impose the presumptive sentence provided by the sentencing guidelines" unless the judge determines that a departure is warranted. Kan. Stat. Ann. § 21-4716(a). A "presumptive sentence" is defined as "the sentence provided in a grid block for an offender classified in that grid block by the combined effect of the crime severity ranking of the current crime of conviction and the offender's criminal history." Id. § 21-4703(q). Here, the Kansas statute governing Thomas's auto burglary conviction, Kan. Stat. Ann. § 21-3715, classified Thomas's offense as "severity level 9, nonperson felony." Id. § 21-3715(c). Under the Kansas sentencing guidelines grid, Thomas, with a criminal history score of "G," was therefore eligible for a "presumptive sentence" of seven to nine months. Id. § 21-4704(a).

We have previously held that the possibility of upward departures qualified Kansas offenses as crimes punishable by more than a year's imprisonment even where the maximum presumptive sentence was less than a year. United States v. Norris, 319 F.3d 1278, 1282 (10th Cir. 2003); United States v. Arnold, 113 F.3d 1146, 1148 (10th Cir. 1997). However, in United States v. Plakio, 433 F.3d 692 (10th Cir. 2005), this court recently held that such was not the case where a

Kansas conviction became final during the period "from June 26, 2000, until June 6, 2002." Id. at 695. Rather, we held that "sentences in Kansas [during that period] were limited to the maximum presumptive sentence." Id. This was because no upward departures could constitutionally be imposed in Kansas between June 26, 2000, the date Apprendi v. New Jersey, 530 U.S. 466 (2000), was decided, and June 6, 2002, the date Kansas implemented a new sentencing scheme that repaired the constitutional defects identified in Apprendi. See Plakio, 433 F.3d at 695. In reaching this conclusion, we relied on the Kansas Supreme Court's decision in State v. Gould, 23 P.3d 801 (Kan. 2001), which retroactively invalidated all upward departures in cases that were pending on direct appeal or were not yet final as of June 26, 2000. Id. at 814; see also State v. Hood, 744 P.2d 816, 819 (Kan. 1987) (holding that new constitutional rules "must be applied retroactively to cases which are pending upon direct appellate review, or which were not final, at the time the new rule was established").

Although in Plakio the court was considering what constituted a qualifying prior conviction for purposes of a sentencing guideline rather than § 922(g)(1), the guideline language at issue was identical to the language of § 922(g)(1). See Plakio, 433 F.3d at 694 (quoting guideline language as an "offense . . . *punishable by imprisonment for a term exceeding one* year" (internal quotation omitted)). Moreover, in reaching its decision, the court in Plakio primarily relied on two

-4-

prior Tenth Circuit cases that did specifically concern § 922(g)(1).     See Norris ,

319 F.3d at 1281;   Arnold , 113 F.3d at 1148;   see also  Plakio , 433 F.3d at 695

(stating that the court's holding was "giv[ing] effect to the logic of        Norris ").

Thus,  Plakio  would seem to resolve the issue in this case in Thomas's favor.

Because  Plakio  was published after the parties' initial briefs were filed, we

requested supplemental briefing on its impact on the present case.  However, the

government's three-page response merely urges us to follow other jurisdictions

rather than our own prior precedent.  This we cannot do.        United States v. Meyers   ,

200 F.3d 715, 720 (10th Cir. 2000) ("The precedent of prior panels which this

court must follow includes not only the very narrow holdings of those prior cases,

but also the reasoning underlying those holdings, particularly when such

reasoning articulates a point of law.").  The only other argument that the

government offered in its initial response brief was that the relevant date for

determining Thomas's maximum sentence was the date he pled guilty rather than

the date he was sentenced.  However, as mentioned, the relevant date is in fact the

date Thomas's conviction became final, which was when the time to withdraw his

guilty plea or to appeal had expired.    [1]  Kan. Stat. Ann. § 22-3210(d) (indicating

---

[1]There is no indication in the record whether Thomas's plea agreement contained a waiver of his right to appeal his conviction, nor does the government argue that such a waiver would be relevant to determining when a conviction becomes final.

that a guilty plea may be withdrawn "at any time before sentence is adjudged");

id. § 22-3608(c) (indicating appeals must be filed within ten days of sentencing).

The date of sentencing is thus the earliest date that Thomas's conviction could be

considered final, and this case therefore falls under our prior holding in Plakio.

Accordingly, because Thomas does not have a qualifying prior conviction for

purposes of 18 U.S.C. § 922(g)(1), his conviction under that provision must be

overturned.

For the foregoing reasons, the case is remanded to the district court, and the

court is directed to vacate its previous order denying Thomas's motion to dismiss

his indictment, and then dismiss the indictment.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge