**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RODGERICK LABON LACKEY, a/k/a
Roderick Lackey,

Defendant - Appellant.

No. 05-1297

D. Colorado

(D.C. No. 04-CV-1319-WDM)
(D.C. No. 01-CR-210-WDM)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BEAM**,[**] and **HARTZ**, Circuit Judges.

Rodgerick Lackey appeals from the district court's[1] denial of his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and affirm.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan 1, 2007).

[**]The Honorable C. Arlen Beam, United States Circuit Judge, Eighth Circuit Court of Appeals, sitting by designation.

[1]The Honorable Walker D. Miller, United States District Judge for the District of Colorado.

# I. FACTUAL BACKGROUND

Lackey was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). His sentence was enhanced pursuant to United States Sentencing Guidelines Manual § 2K2.1(a)(2) for having two prior felony offenses–a crime of violence (assault) and a controlled substance offense (selling crack cocaine), both from North Carolina state court. Due to the enhancement, Lackey's guidelines range was 110-137 months, but the statutory maximum was 120 months. He was ultimately sentenced to 110 months in prison, and his conviction was affirmed on direct appeal in United States v. Lackey, 334 F.3d 1224 (10th Cir. 2003).

In his section 2255 motion, Lackey argued that his sentence was improperly enhanced under Apprendi[2] and/or Booker[3] and that his trial counsel was ineffective for failing to anticipate and make the Booker argument. Before the district court ruled, Lackey realized that one of his prior North Carolina convictions might not qualify as a prior felony–which would have invalidated the section 2K2.1 enhancement. Lackey therefore asked the district court for leave to amend his 2255 pleading, seeking to add the claim that trial counsel was ineffective for failing to realize that the underlying conviction did not qualify as a felony under the guidelines.

---

[2]Apprendi v. New Jersey, 530 U.S. 466 (2000).

[3]United States v. Booker, 543 U.S. 220 (2005).

The district court denied the 2255 motion, finding that because Lackey was sentenced below the statutory maximum, he was not entitled to Apprendi relief at the time of sentencing. The district court further held that counsel was not ineffective for failing to anticipate Blakely[4] or Booker rulings. The district court denied Lackey's motion to amend as "moot," and accordingly did not address the ineffective assistance claim regarding whether his prior offense qualified as a felony. The district court declined to issue a certificate of appealability.

A panel of this circuit issued a certificate on the issue raised in Lackey's motion to amend: whether Lackey's counsel was ineffective for failing to anticipate, and argue, that a prior state court drug conviction could not be used to enhance the underlying federal sentence, because it was not a felony under section 2K2.1. The court specifically directed counsel to its decision in United States v. Plakio, 433 F.3d 692 (10th Cir. 2005).

## II. DISCUSSION

To establish ineffective assistance of counsel, Lackey must show that his counsel's performance "fell below an objective standard of reasonableness," and that the deficient performance resulted in prejudice. Strickland v. Washington, 466 U.S. 668, 688, 691-92 (1984).

Lackey's trial counsel did not contest that Lackey's prior North Carolina drug offense was a prior felony. The guidelines define a prior felony, for sentencing purposes, as an offense "punishable" by a term of imprisonment exceeding one year, regardless of

---

[4]Blakely v. Washington, 542 U.S. 296 (2004).

whether the state calls the offense a felony, and regardless of the actual term of imprisonment imposed. U.S.S.G. § 2K2.1 cmt. n.1.

Lackey argues that his prior offense was not a felony for guidelines purposes, because he was convicted of a crime for which he was not punishable[5] by more than twelve-months' imprisonment. Thus, Lackey contends counsel was ineffective for so stipulating.

Even though everyone agrees that the maximum sentence *Lackey* could have received was less than one year, prior to 2005 our precedent indicated that Lackey's particular maximum sentence was not relevant in determining whether the offense constituted a prior felony for purposes of section 2K2.1. In United States v. Arnold, 113 F.3d 1146 (10th Cir. 1997), we considered the question of when a prior offense was a felony for purposes of 18 U.S.C. § 922(g). In Arnold, as a result of having a minimal number of criminal history points, the defendant was given an eleven-month sentence in Kansas state court for a conviction involving unlawful possession of a firearm. Under Kansas law, the maximum possible sentence for this offense was twenty-three months–for a hypothetical offender with a more extensive criminal history. Additionally, under the Kansas sentencing scheme used at that time, the trial court could enhance a sentence, solely at its discretion, based on an expressly non-exclusive list of aggravating factors.

---

[5]Taking into account Lackey's criminal history level, his maximum possible sentence for the North Carolina offense was ten months. Other "hypothetical" defendants convicted of the same offense with more criminal history could have received a sentence of up to thirty months.

Id. at 1148 n.1. We held that because section 922 penalized anyone convicted of a crime *punishable* by more than one year, Arnold's prior conviction qualified as a prior felony. Id. at 1148. We noted that, "[w]hat matters is not the actual sentence which the appellant received, but the maximum possible sentence." Id. See also United States v. Norris, 319 F.3d 1278, 1281-82 (10th Cir. 2003) (holding that the mere possibility of an upward departure beyond one year qualifies a Kansas offense as one punishable by imprisonment for a term exceeding one year).

The state of the law on this issue changed somewhat after our 2005 decision in Plakio, however. 433 F.3d 692. In Plakio, the defendant argued on direct appeal that his prior offense was not a felony for section 2K2.1 purposes. Plakio's prior convictions occurred in Kansas state court, and according to his offense and criminal history, his "presumptive" maximum sentence was 9-11 months. But, because a Kansas trial judge could enhance a sentence beyond the presumptive sentence, based upon its discretionary finding of certain aggravating factors, Arnold, 113 F.3d at 1148, the sentencing court found that Plakio's prior sentence was one that was punishable by more than one year.

We reversed. Plakio, 433 F.3d at 695. Plakio was sentenced in Kansas state court in 2001 during a particularly uncertain time in Kansas sentencing law. After Apprendi was decided in June 2000, the Kansas Supreme Court limited the discretionary flexibility of Kansas trial judges to enhance sentences. See State v. Gould, 23 P.3d 801, 814 (Kan. 2001) (invalidating all upward departures in cases that were pending on direct appeal or

were not yet final as of June 26, 2000). Thus, between June 2000 and June 2002,[6] a Kansas defendant's presumptive sentence was also his maximum possible sentence. Because Plakio was sentenced in 2001, his maximum possible sentence was less than one year. Plakio, 433 F.3d at 695. In essence, our Plakio decision held that in Kansas, during the period of June 2000 through June 2002, the "hypothetical" defendant no longer existed. The only relevant question was the maximum sentence that the actual defendant before the court could have received for his prior offense.

Lackey argues that based on the Apprendi-founded reasoning of Plakio, his trial counsel should have known that his earlier North Carolina drug offense did not qualify as a prior felony for federal sentencing purposes. Although Lackey does not clearly explain his argument in this regard, he apparently contends that the Kansas sentencing scheme as articulated in Gould and applied in Plakio, was binding in North Carolina, and therefore his sentence, which was imposed during the 2000-2002 time frame, should receive Plakio-type treatment.

This argument, if we correctly understand it, is without merit. Whether or not Plakio's reasoning applied at the North Carolina proceeding we consider in this appeal, Lackey's counsel did not have the benefit of the Plakio decision at the time of Lackey's sentencing. We simply cannot find that counsel was ineffective for failing to anticipate and make the Plakio argument because Plakio was decided in 2005, long after Lackey

---

[6]The Kansas legislature changed the sentencing scheme, effective June 6, 2002. Plakio, 433 F.3d at 695.

was sentenced in 2002, and his conviction was affirmed on appeal in 2003. Lackey's argument that Plakio represented only an extension of the law as announced in Arnold and Norris is unavailing. The dissent in Plakio argued that the court should look only at the maximum possible sentence allowed for any defendant convicted of the particular crime–not simply the defendant before the court. 433 F.3d at 698 (O'Brien, J., dissenting). Judge O'Brien noted that this approach, not the court's approach, would be "a logical extension" of the precedents in Norris and Arnold. Id. Though Lackey argues that Plakio did not change our circuit's law on the contested point, Judge O'Brien was certainly convinced otherwise. In light of this, we cannot fault trial counsel for failing to predict the course that Plakio would chart. Bullock v. Carver, 297 F.3d 1036, 1052 (10th Cir. 2002) (holding that "clairvoyance is not a required attribute of effective representation") (quotation omitted).

### III. CONCLUSION

We grant Lackey's motion to amend his section 2255 motion. However, because Lackey cannot establish ineffective assistance of counsel, we deny relief on that motion. The judgment of the district court is AFFIRMED.

ENTERED FOR THE COURT

C. Arlen Beam
Circuit Judge