**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4920**

———————

UNITED STATES OF AMERICA,

                                            Plaintiff - Appellee,

     versus

MARVIN EDWARD PATRICK,

                                       Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (2:05-cr-00016-D-ALL)

———————

Submitted: June 4, 2007                    Decided: July 10, 2007

———————

Before MICHAEL and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Terry F. Rose, Smithfield, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marvin Edward Patrick appeals his conviction and life sentence following a jury trial for possession with intent to distribute more than fifty grams of cocaine base.  For the reasons discussed below, we affirm.

Patrick was convicted on February 26, 1996, in the Superior Court of Currituck County, North Carolina, of possession with intent to distribute cocaine and again on May 6, 2002, of possession of a Schedule II controlled substance.  The 1996 conviction was a Class H felony, and Patrick was sentenced to eleven to fourteen months in prison.  The 2002 conviction was a Class I conviction, and while Patrick was sentenced to nine to eleven months is prison, under North Carolina law his conviction was punishable by up to fifteen months in prison.  See N.C. Gen. Stat. §§  90-95(a)(3) and (d)(2); § 15A-1340-17(d)(2005).  The Government filed a notice of its intent to seek an enhanced penalty based upon Patrick's prior state felony drug convictions.  Before sentencing, Patrick filed objections and a response to the Government's notice to enhance his sentence based upon his two felony drug convictions, arguing that his sentence should not be enhanced because he did not receive a sentence exceeding one year on his 2002 conviction.  The district court overruled the objections, concluded that both convictions were felony drug

offenses, and sentenced Patrick to the enhanced sentence of life imprisonment.

The question of whether an individual has previously been convicted of a felony is a legal determination reviewed de novo. United States v. Haynes, 961 F.2d 50, 51 (4th Cir. 1992). Patrick's sole argument on appeal is that he, as an individual with his particular characteristics, could not have received more than one year for the 2002 drug conviction under the North Carolina structured sentencing scheme; therefore, he asserts that offense was not "punishable by imprisonment for a term exceeding one year." According to Patrick, the legal determination of whether a conviction is punishable by imprisonment for a term exceeding one year is directly impacted by case law beginning with Apprendi v. New Jersey, 530 U.S. 466 (2000), and culminating with United States v. Booker, 543 U.S. 220 (2005). Patrick asserts that those cases define the parameters of the Sixth Amendment's guarantee to trial by jury as applied to sentence-enhancing facts, whether characterized as offense elements or sentence elements.

Under the North Carolina structured sentencing scheme, Patrick received a sentence in the presumptive range for his 2002 drug conviction. Because the offense was a Class I felony, the aggravated minimum sentence Patrick could have received under the structured sentencing tables was ten to twelve months' imprisonment. See N.C. Gen. Stat. § 15A-1340.17(c) and(d). At

sentencing for the current federal offense, however, the district court found Patrick's 2002 conviction was punishable by more than one year, based on the maximum sentence that could be imposed for that crime upon *any* defendant. In other words, the district court concluded the offense was punishable by more than one year based on the maximum aggravated sentence of fifteen months that could be imposed under the North Carolina structured sentencing scheme for a defendant with the worst criminal history category. This, Patrick argues, is precisely what is prohibited by Apprendi, Blakely and Booker.

Patrick's argument is foreclosed by United States v. Harp, 406 F.3d 242 (4th Cir.), cert. denied, 126 S. Ct. 297 (2005). In Harp, the defendant argued that one of his Armed Career Criminal Act predicate convictions (possession with intent to distribute marijuana, a Class I felony) did not qualify as a "crime punishable by more than one year" because the maximum "non-aggravated punishment is only twelve months." Id. at 245, 246. Declining to apply an "individualized analysis," the Court held that "to determine whether a conviction is a crime punishable by a prison term exceeding one year . . . we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. at 246.

Patrick complains that this interpretation mandates an increase in punishment based not on the defendant's actual criminal

- 4 -

history, but the potential criminal history of any person in the class of people who committed the same crime as the defendant. Patrick relies on <u>United States v. Plakio</u>, 433 F.3d 692 (10th Cir. 2005), and argues that this Court should follow the Tenth Circuit's reasoning. In <u>Plakio</u>, the defendant pled guilty to being a felon in possession, but contested the finding that he had a prior Kansas conviction that was punishable by a term exceeding one year. <u>Id.</u> at 693. Under the Kansas sentencing guidelines, without a finding of aggravating factors, Plakio's maximum sentence based upon his offense severity level and his criminal history score was eleven months. <u>Id.</u> at 694. Rejecting the analysis applied in <u>Harp</u>, the Tenth Circuit concluded that "Plakio's offense never qualified as a felony for purposes of the sentencing guidelines, regardless of state terminology, because he was never subject to a sentence greater than a year under Kansas law." <u>Id.</u> at 695. Based on <u>Plakio</u>, and in light of <u>Blakely</u>, Patrick asserts that <u>Harp</u> cannot stand.

Despite Patrick's argument to the contrary, the law in this Circuit is settled by <u>Harp</u>. Because the statutory maximum penalty for Patrick's prior offense exceeded one year of imprisonment, the offense was a felony under 21 U.S.C. § 841(b)(1)(A) warranting the enhanced sentence.

Accordingly, we affirm Patrick's conviction and sentence. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED