**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jay T. HILL, Defendant–Appellant.**

No. 07–3034.

United States Court of Appeals,
Tenth Circuit.

Jan. 15, 2008.

David J. Phillips, Federal Public Defender (Charles D. Dedmon, First Assistant Federal Public Defender, with him on the briefs), District of Kansas, Kansas City, KS, for Appellant.

Terra D. Morehead, Assistant United States Attorney (Eric F. Melgren, United States Attorney, with her on the brief), Kansas City, KS, for Appellee.

Before TACHA, HOLLOWAY, and MURPHY, Circuit Judges.

MURPHY, Circuit Judge.

Jay T. Hill pleaded guilty to violating 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm. As a condition of his plea agreement, Hill reserved the right to appeal whether his underlying Kansas conviction for criminal possession of a firearm was a qualifying felony conviction under 18 U.S.C. § 922(g)(1). Hill argued because his Kansas conviction carried a maximum sentence of eleven months, 18 U.S.C. § 922(g)(1) does not prohibit him from possessing a firearm. Exercising ju-

risdiction pursuant to 28 U.S.C. § 1291, this court **reverses** and **remands** to the district court with instruction to **vacate** Hill's conviction.

## I. Background

On November 23, 2005, in the District Court of Wyandotte County, Kansas, Hill pleaded guilty to the crime of criminal possession of a firearm in violation of Kan. Stat. Ann. § 21–4204. Under Kansas law, Hill's conviction was a severity level VIII felony. He was sentenced to ten months' imprisonment, which was suspended, and given eighteen months' probation. The sentencing range for level VIII felonies in Kansas is between seven and twenty-three months. *Id.* § 21–4704. Based on Hill's criminal history, his presumptive sentence range was nine to eleven months with a presumption of probation. The state never sought an upward departure based on aggravating factors.

In March of 2006, Kansas police stopped the driver of a 1989 Ford Crown Victoria for speeding. Hill, the driver, pulled the car over to the side of the road and then ran from the vehicle. After a brief foot pursuit, Hill was apprehended and placed under arrest for speeding. The police searched Hill's Crown Victoria and uncovered a loaded Springfield Armory XD–40 .40 caliber pistol under the driver's seat. Hill was charged with violating 18 U.S.C. § 922(g)(1), which provides that a person who has been convicted of a crime punishable for a term exceeding one year cannot possess a firearm. After the district court denied his motion to dismiss the prosecution against him, Hill entered a conditional guilty plea. He reserved the right to appeal whether the underlying felony, his 2005 Kansas conviction for criminal possession of a firearm, constitutes a "crime punishable by imprisonment for a term exceeding one year" under § 922(g)(1).

On appeal, Hill contends his 2005 Kansas conviction for criminal possession of a firearm is not punishable for a term in excess of one year. He argues a sentence greater than eleven months could not have been imposed based on his criminal history and the severity level of the crime.

## II. Discussion

Whether a prior state conviction can qualify as an underlying conviction for the purpose of the federal felon-in-possession crime under 18 U.S.C. § 922(g)(1) is determined by state law. 18 U.S.C. § 921(a)(20) ("What constitutes a conviction of [a crime punishable for a term exceeding one year] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held."). Kansas' sentencing procedures have undergone major revisions in the past several years. These shifts in the law underlie Hill's challenge and a review of the legal landscape is necessary to determine the validity of Hill's claim on appeal.

### A. Legal Background

Kansas enacted the Kansas Sentencing Guidelines Act "to reduce prison overcrowding by making a distinction between more serious and less serious offenders." *State v. Gould,* 271 Kan. 394, 23 P.3d 801, 811 (2001). The guidelines also serve to provide uniformity and standardize sentences so that like offenders are treated in a similar fashion. *Id.* "The determination of a felony sentence is based on two factors: the current crime of conviction and the offender's prior criminal history." *Id.* The sentencing guidelines employ a grid, which is a two-dimensional chart. The grid's vertical axis lists the various levels of crime severity, ranging from I to IX for non-drug offenses. Kan. Stat. Ann. § 21–4704.[1] The horizontal axis is the criminal history scale, which classifies various crim-

---

1. A separate grid is used for drug offenses. *See* Kan. Stat. Ann. § 21–4705.

inal histories. *Id.* To determine an offender's presumed sentence, one must consult the grid box at the juncture of the severity level of the crime for which the defendant was convicted and the offender's criminal history category. *Id.; see also Gould,* 23 P.3d at 811.

Prior to 2001, a Kansas court was instructed to impose the presumptive sentence provided by the Kansas sentencing guidelines, "unless the judge [found] substantial and compelling reasons to impose a departure." Kan. Stat. Ann. § 21–4716(a) (1995). A court could consider aggravating factors and depart based on its own discretion. *Id.* § 21–4716(b)(2) (1995). The non-exclusive list of aggravating factors included, *inter alia,* considerations such as the vulnerability of the victim, excessive brutality, racial or religious motivations, and whether a fiduciary relationship existed between the defendant and the victim. *Id.* § 21–4716(b)(2)(A)–(G) (1995).

On June 26, 2000, the United States Supreme Court held that any fact increasing the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).[2] A year later, the Kansas Supreme Court struck down Kan. Stat. Ann. § 21–4716 (1995), which allowed for upward departure sentences based upon a judge's finding of one or more aggravating factors by a preponderance of the evidence. *Gould,* 23 P.3d at 814. Upward departures could no longer be based on judicial fact-finding. *Id.* The Kansas Supreme

Court explained Kan. Stat. Ann. § 21–4716 unconstitutionally gave trial judges the discretion to base sentences above the statutory maximum

> upon a court finding of certain aggravating factors found by a preponderance of the evidence. *Apprendi,* on the other hand, requires any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. Any other procedure is an unacceptable departure from the jury tradition that is an indispensable part of our criminal justice system.

*Id.* (quotations and citation omitted). Further, the Kansas Supreme Court held its decision would be retroactive to June 26, 2000, the date on which *Apprendi* was decided. *Id.* Thus, from June 26, 2000, until the sentencing law was amended by the Kansas legislature to comport with the dictates of the Sixth Amendment, upward departure sentences in Kansas were unconstitutional.

On June 6, 2002, Kansas adopted new sentencing provisions, allowing for upward departures which comport with *Apprendi.* *See* Kan. Stat. Ann. § § 21–4716(b), 21–4718; *see also Blakely v. Washington,* 542 U.S. 296, 320 n. 1, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) (O'Connor, J., dissenting) (noting the Kansas Supreme Court was the only state court, prior to *Blakely,* to apply *Apprendi* to invalidate the application of its sentencing guidelines). The Kansas amendments eradicated the trial court's discretion to sentence a defendant to an upward departure based on aggravating factors. Instead, upward departures

---

**2.** Since *Apprendi,* the Supreme Court has repeatedly held that under the Sixth Amendment, any fact that exposes a defendant to a sentence greater than the statutory maximum must be found by a jury, not a judge, and be proved beyond a reasonable doubt, not by a preponderance of the evidence. *Ring v. Arizona,* 536 U.S. 584, 602, 609, 122 S.Ct. 2428,

153 L.Ed.2d 556 (2002); *Blakely v. Washington,* 542 U.S. 296, 304–05, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); *United States v. Booker,* 543 U.S. 220, 243–44, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *Cunningham v. California,* — U.S. —, 127 S.Ct. 856, 871, 166 L.Ed.2d 856 (2007).

are permitted where "by unanimous vote, the jury finds beyond a reasonable doubt that one or more specific factors exist that may serve to enhance the maximum sentence." Kan. Stat. Ann. § 21–4718(b)(7). The state must seek an upward departure sentence not less than thirty days prior to trial. *Id.* § 21–4718(b)(1). The court must then determine if any facts or factors that would increase the sentence beyond the statutory maximum need to be presented to the jury and proved beyond a reasonable doubt. *Id.* § 21–4718(b)(2). Therefore, upward departures are once more constitutional in Kansas, but they require new procedures and a jury finding.

Prior to the changes in Kansas sentencing law, this court held that under 18 U.S.C. § 922(g)(1) a crime is punishable in excess of one year if the maximum possible punishment is in excess of one year. *United States v. Arnold,* 113 F.3d 1146, 1148 (10th Cir.1997) ("What matters is not the actual sentence which the appellant received, but the maximum possible sentence."). In *Arnold,* the defendant's maximum sentence under the Kansas sentencing grid was eleven months, taking into account the defendant's limited criminal history. *Id.* This court concluded, however, because the state court had the power to depart upward from the presumptive sentence based on aggravating factors, the crime for which he was punished carried a possible punishment of twenty-three months, and therefore qualified under § 922(g)(1) as a crime punishable for a term in excess of one year. *Id.*

The power to depart upward relied upon in *Arnold* was then held unconstitutional by the Kansas Supreme Court in *Gould.* During the period in which upward departures were unconstitutional in Kansas, this court revisited the issue. In *United States v. Norris,* the defendant was sentenced to less than a year in prison. 319 F.3d 1278, 1280 (10th Cir.2003). This court held because the defendant's convictions became final before *Apprendi,* he could not claim his maximum sentence was less than a year because his convictions occurred before the "cut-off date designated in *Gould.*" *Id.* at 1283. We recognized, however, that "[h]ad Mr. Norris' state convictions become final after June 26, 2000, we would have before us a very different case." *Id.*

A case soon arose in the context of the federal sentencing guidelines which implicated the "different case" alluded to in *Norris.* In *United States v. Plakio,* the defendant was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). 433 F.3d 692, 693 (10th Cir.2005) (per curiam). Pursuant to United States Sentencing Guideline ("USSG") § 2K2.1(a)(4), the district court calculated Plakio's base offense level as twenty, based on a prior state felony drug conviction. *Id.* Plakio objected, arguing the prior conviction was not a felony under the federal sentencing guidelines because the maximum punishment for someone with his criminal history was eleven months under the Kansas sentencing guidelines.[3] *Id.* Plakio was sentenced on

---

**3.** *Plakio* considered the effect of *Gould* vis-a-vis a qualifying prior conviction for the purpose of United States Sentencing Guideline ("USSG") § 2K2.1(a)(4)(A). *See United States v. Plakio,* 433 F.3d 692, 694 (10th Cir.2005). The Application Notes to USSG § 2K2.1 refer to USSG § 4B1.2(b) for the definition of "controlled substance offense" which is a drug "offense under federal or state law, pun-

ishable by imprisonment for a term exceeding one year." In this case, we consider the same "punishable by imprisonment for a term exceeding one year" language, but found in 18 U.S.C. § 922(g)(1) rather than in the sentencing guidelines. Although similar, but not identical language is sometimes interpreted and applied differently, such divergence is predicated on actual differences in language

May 9, 2001, during the time in which upward departures in Kansas were unconstitutional. *Id.* at 695. "Because the sentencing court could not have imposed a sentence greater than one year, Plakio's state conviction was not a felony for the purposes of the federal sentencing guidelines." *Id.*

Importantly, *Plakio* held the maximum sentence must be calculated by focusing on the particular defendant. *Id.* at 697. The dissent in *Plakio* relied on *United States v. Harp*, 406 F.3d 242, 246 (4th Cir.2005) to argue that the analysis should not depend on an individual defendant's criminal history, but rather whether the crime for which he was convicted carries with it a possible sentence in excess of a year. *Plakio*, 433 F.3d at 697–98 (O'Brien, J., dissenting) (agreeing with the Fourth Circuit's conclusion that in determining " 'whether a conviction is a crime punishable by a prison term exceeding one year . . . we consider the maximum *aggravated* sentence that could be imposed for that crime upon a defendant with the worst possible criminal history' " (quoting *Harp*, 406 F.3d at 246)). We rejected that approach, instead favoring one which takes into account the individual defendant's criminal history category under the Kansas sentencing guidelines. *Id.* at 697. This court explained that *Arnold* suggested the focus is on the individual defendant, that an integral part of the Kansas sentencing scheme is the application of a particular defendant's criminal history to determine the presumptive sentence, and that Kansas ties the maximum

punishment to the characteristics of the particular defendant. *Id.*

## B. Analysis

In this appeal we must consider whether a crime is punishable for a term in excess of one year under § 922(g)(1) now that upward departures in Kansas are again constitutional, but require any aggravating factor to be proved beyond a reasonable doubt. Whether a prior conviction is a "crime punishable by imprisonment for a term exceeding one year" is a question of law we review de novo. *Norris*, 319 F.3d at 1281.

The district court concluded Hill's Kansas conviction was analogous to a conviction that was final before *Apprendi*. The court, however, erroneously stated that a Kansas sentencing court has discretion to depart from the maximum presumptive sentence based on Kan. Stat. Ann. § 21–4719(b)(2). The court reasoned Hill therefore could have faced a sentence greater than eleven months. Applying *Arnold* the district court found the Kansas conviction was a qualifying conviction for the purposes of § 922(g)(1). Section 21–4719(b)(2), however, does not provide Kansas courts with this discretion. The provision states that when a departure is appropriate, "the presumptive term of imprisonment set in such departure shall not total more than double the maximum duration of the presumptive imprisonment term." *Id.* This language limits the sentencing court's authority regarding how far it can depart from the grid's presump-

---

or definitions. *See United States v. Herrera-Roldan*, 414 F.3d 1238, 1243–44 (10th Cir. 2005) (interpreting "drug trafficking crime" under 18 U.S.C. § 924(c) differently from "drug trafficking offense" under USSG § 2L1.2(b)(1)(B) where the former includes simple possession but the latter does not). We need not decide whether this language may be subject to different interpretations,

because *Plakio* a federal sentencing guidelines case, relied upon our precedent interpreting the language in § 922(g)(1). *Plakio*, 433 F.3d at 694–95 (relying on *United States v. Norris*, 319 F.3d 1278, 1281–82 (10th Cir.2003) and *United States v. Arnold*, 113 F.3d 1146, 1148 (10th Cir.1997)). *Plakio* is therefore binding in this case.

tive sentence. It is not a grant of authority to depart from the guideline range based on aggravating factors not found beyond a reasonable doubt, as instructed by Kan. Stat. Ann. §§ 21–4716(b) and 21–4718(b).

Our decision in *Arnold,* holding the defendant was convicted of a crime punishable by a term in excess of one year, relied heavily on the fact that a judge had the power to impose a sentence greater than the guideline's presumptive sentence based on judicial fact-finding. 113 F.3d at 1148. Because it is no longer possible for a defendant to be sentenced to a term greater than the presumptive sentence based on an aggravating factor unless that factor is found beyond a reasonable doubt by a jury, Hill's maximum sentence was eleven months. Had aggravating factors existed, the prosecution was required to make a motion to seek an upward departure under § 21–4718(b) and any aggravating factor had to be found beyond a reasonable doubt.[4] The prosecution did not move for an upward departure and without that predicate step, Hill's sentence could not be enhanced beyond his presumptive sentence range. As the Supreme Court explained in *Blakely,*

> [o]ur precedents make clear ... that 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant* .... In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose

*without* any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority.

542 U.S. at 303, 124 S.Ct. 2531 (citations and quotation omitted); *see also Cunningham v. California,* —— U.S. ——, 127 S.Ct. 856, 868, 166 L.Ed.2d 856 (2007). That a hypothetical defendant convicted of violating § 922(g)(1) with the same criminal history as Hill could be subject to an upward departure based on aggravating factors is irrelevant to our analysis. *See Plakio,* 433 F.3d at 697 (explaining the relevant inquiry is the maximum sentence *this* defendant was exposed to under the Kansas sentencing guidelines).

Alternatively, the government argues this court should focus not on the sentence the court may impose on a particular defendant based on his criminal history, but instead limit its inquiry to the maximum punishment possible for the conviction of a specific crime. A severity level VIII crime carries with it a possible sentence of seven to twenty-three months, depending on the defendant's criminal history category. To support this approach, the government asserts that criminal history plays no role in determining what constitutes a conviction, relying on the dissent in *Plakio* and the Fourth Circuit's decision in *Harp.*

The government's analysis is at odds with the structure of the Kansas sentencing guidelines and our precedent. As Kan. Stat. Ann. § 21–4704(d) states, "[t]he ap-

---

**4.** Hill's Kansas conviction was based on a guilty plea. Under Kan. Stat. Ann. § 21–4718(b) Hill did not waive his right to a jury to find aggravating factors. In nonjury cases, the defendant is entitled to the same due process rights as a defendant convicted by a jury. *State v. Cody,* 272 Kan. 564, 35 P.3d 800, 802 (2001) (holding guilty plea does not remove obligation to prove aggravating factors beyond a reasonable doubt); *see also* Kan. Stat. Ann. § 21–4718(b)(7). The jury at the upward departure sentence proceeding may be waived. *Id.* § 21–4718(b)(4). In these cases, the upward durational departure sentence is conducted by the court. *Id.*

propriate punishment for a felony conviction should depend on the severity of the crime of conviction when compared to all other crimes and the offender's criminal history." In *Plakio* we stated that the criminal history axis of the sentencing grid is "an integral component of the Kansas sentencing scheme." 433 F.3d at 697. We explicitly rejected the government's argument that the relevant inquiry into a defendant's maximum sentence ignores his criminal history. *Id.* (explaining a crime-centered approach, rather than a defendant-centered approach "is contrary to our cases which suggest that the focus is on the particular defendant"). The government urges us to follow other jurisdictions rather than our precedent. We cannot, however, overturn the ruling of another panel and must follow *Plakio. See United States v. Meyers,* 200 F.3d 715, 720 (10th Cir.2000) ("The precedent of prior panels which this court must follow includes not only the very narrow holdings of those prior cases, but also the reasoning underlying those holdings, particularly when such reasoning articulates a point of law.").

Therefore, at no time was Hill subject to a sentence greater than one year for his 2005 Kansas conviction. Accordingly, Hill does not have a qualifying conviction for the purposes of 18 U.S.C. § 922(g)(1) and his conviction must be overturned.

## IV. Conclusion

For the foregoing reasons, this court **reverses** Hill's conviction under 18 U.S.C. § 922(g)(1) and **remands** this case to the district court with instruction to **vacate** Hill's conviction.