**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 17, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

DUSTIN KYLE HARVEY,

  Defendant - Appellant.

No. 16-7091
(D.C. No. 6:16-CR-00043-RAW-1)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.

After examining defense counsel's *Anders* brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Defendant Dustin Kyle Harvey pled guilty to possessing a firearm after a felony conviction, in violation of 18 U.S.C. §§ 922((g)(1), 924(a)(2), and 924(e), and was sentenced to a total sentence of seventy-seven months of imprisonment.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Defendant filed a notice of appeal, and his appointed counsel then filed a brief asserting that there were no non-frivolous issues to appeal and seeking to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967). Defendant has not made any pro se filings to the court, and the government has also declined to respond to counsel's *Anders* brief. As the time for any responsive filings has passed, we will now adjudicate the merits of this appeal.

After conducting "a full examination of all the proceedings," *id.* at 744, we agree with counsel that Defendant has no non-frivolous grounds to raise in this appeal. The only issue Defendant raised below that defense counsel identifies as a potential issue for appeal is a challenge to the Sentencing Guideline calculations used in determining his sentence. In the district court proceedings, Defendant argued that because he received a nine-month sentence for his drug-related Texas state jail felony, this prior conviction did not meet the definition of a controlled substance offense under U.S.S.G. § 4B1.2(b) and should not have been relied upon as such in his pre-sentencing report. In relevant part, the Guidelines define a controlled substance offense as "an offense under federal or state law, punishable by imprisonment for a term *exceeding one year. . . .*" U.S.S.G. § 4B1.2(b) (emphasis added). Yet, as the district court pointed out, this court has held that the maximum possible sentence allowed under the statute is the controlling factor, not the sentence actually imposed. *See, e.g.*, *United States v. Plakio*, 150 F. App'x 778, 779 (10th Cir. 2005) (unpublished); *see also* U.S.S.G.

§ 4B1.2 n.1 ("'Prior felony conviction' means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, . . . regardless of the actual sentence imposed."). Defendant's state jail felony carries a maximum sentence of two years, and, thus, qualifies as a controlled substance offense under U.S.S.G. § 4B1.2(b). Texas Penal Code § 12.35(a). This argument is without merit.

Counsel's *Anders* brief identifies and evaluates a number of other potential challenges Defendant could raise on appeal, ultimately concluding that none of them have merit. We agree. The record reveals no meritorious appellate issues regarding Defendant's guilty plea. Though the magistrate judge failed to inform Defendant about the possibility that the sentencing court could consider departures under the Sentencing Guidelines or 18 U.S.C. § 3553(a), this variance from the requirements of Federal Rule of Criminal Procedure 11 did not affect Defendant's substantial rights and should be disregarded as harmless error. *See* Fed. R. Crim. P. 11(h); *see also United States v. Vonn*, 535 U.S. 55, 71 (2002). Neither party requested a departure or § 3553(a)-based variance, and Defendant received the minimum sentence under the Guidelines.

The record likewise does not support a substantive reasonableness claim on appeal. A sentence within the applicable guideline range is presumed reasonable. *United States v. Balbin-Mesa*, 643 F.3d 783, 788 (10th Cir. 2011). Counsel found no mitigating circumstances in the record that would allow for a variance or

departure under any of the § 3553(a) factors. Our review of the record also failed to reveal any basis for Defendant to rebut the presumption of reasonableness attached to his within-guidelines sentence.

Because our review of the record persuades us that Defendant can raise no meritorious issue on appeal, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge