FILED
United States Court of Appeals
Tenth Circuit

August 22, 2008

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAY T. HILL,

Defendant - Appellant.

No. 07-3034

(D. Kansas)

(D.C. No. 06-CR-20071-KHV)

---

## ORDER GRANTING PANEL REHEARING

---

Before **TACHA**, **HOLLOWAY**, and **MURPHY**, Circuit Judges.

---

This matter is before the court on the government's Petition for Rehearing En Banc. Although we deny the government's motion for rehearing en banc, we grant panel rehearing based on superseding Supreme Court precedent. The panel's January 15, 2008 opinion, *United States v. Hill*, 512 F.3d 1277 (10th Cir. 2008), is vacated and replaced with the opinion issued herewith. The petition for rehearing en banc is denied as moot, without prejudice to the filing of a petition

for rehearing from the panel's revised opinion.  We suspend 10th Cir. R. 40.3, which prohibits successive rehearing petitions.  10th Cir. R. 2.1 (providing court discretion to suspend local rules).

ENTERED FOR THE COURT

Elisabeth A. Shumaker, Clerk

FILED
United States Court of Appeals
Tenth Circuit

August 22, 2008

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAY T. HILL,

Defendant - Appellant.

No. 07-3034

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. NO. 06-CR-20071-KHV)**

David J. Phillips, Federal Public Defender (Charles D. Dedmon, First Assistant Federal Public Defender, with him on the brief), District of Kansas, Kansas City, Kansas, for Appellant.

Terra D. Morehead, Assistant United States Attorney (Eric F. Melgren, United States Attorney, with her on the brief), Kansas City, Kansas, for Appellee.

Before **TACHA**, **HOLLOWAY**, and **MURPHY**, Circuit Judges.

**MURPHY**, Circuit Judge.

This matter is before the court on the government's Petition for Rehearing En Banc. Although we deny the government's motion for rehearing en banc, we grant panel rehearing based on superseding Supreme Court precedent. The panel's January 15, 2008 opinion, *United States v. Hill*, 512 F.3d 1277 (10th Cir. 2008), is vacated and replaced with the opinion issued herewith. The petition for rehearing en banc is denied as moot, without prejudice to the filing of a petition for rehearing from the panel's revised opinion. We suspend 10th Cir. R. 40.3, which prohibits successive rehearing petitions. 10th Cir. R. 2.1 (providing court discretion to suspend local rules).

## I.    Introduction

Jay T. Hill pleaded guilty to violating 18 U.S.C. § 922(g)(1) by being a felon in possession of a firearm. As a condition of his plea agreement, Hill reserved the right to appeal whether his underlying Kansas conviction for criminal possession of a firearm was a qualifying felony conviction under 18 U.S.C. § 922(g)(1). Hill argued that because his Kansas conviction carried a maximum sentence of eleven months, § 922(g)(1) does not prohibit him from possessing a firearm. This panel vacated Hill's conviction, holding that under Kansas's unique sentencing scheme Hill was not convicted of a crime punishable in excess of one year. *United States v. Hill*, 512 F.3d at 1282-83. The government sought rehearing in this court or, in the alternative, a stay in the proceedings pending the

-2-

Supreme Court's ruling in *United States v. Rodriquez*, 128 S. Ct. 1783 (2008).

We abated the proceedings pending the decision in *Rodriquez* and now, exercising

jurisdiction pursuant to 28 U.S.C. § 1291, **vacate** our prior opinion and **affirm**

the district court.

## II.    Background

On November 23, 2005, in Kansas state court, Hill pleaded guilty to

criminal possession of a firearm in violation of Kan. Stat. Ann. § 21-4204.  Under

Kansas law, Hill's conviction was a severity level VIII felony.  He was sentenced

to ten months' imprisonment, which was suspended, and given eighteen months'

probation.  The sentencing range for level VIII felonies in Kansas is between

seven and twenty-three months.  *Id*. § 21-4704.  Based on Hill's criminal history,

however, his presumptive sentence range was nine to eleven months with a

presumption of probation.  The state never sought an upward departure based on

aggravating factors.

In March of 2006, Kansas police attempted to stop Hill for speeding.  Hill

pulled his car over to the side of the road and ran from the vehicle.  After a brief

pursuit, Hill was apprehended and placed under arrest.  The police searched Hill's

car and uncovered a loaded Springfield Armory XD-40 .40 caliber pistol.  Hill

was charged with violating 18 U.S.C. § 922(g)(1), which prohibits a person who

has been convicted of a crime punishable for a term of imprisonment exceeding

one year from possessing a firearm. After the district court denied his motion to dismiss the prosecution against him, Hill entered into a conditional guilty plea. He reserved the right to appeal whether the underlying felony, his 2005 Kansas conviction for criminal possession of a firearm, constitutes a "crime punishable by imprisonment for a term exceeding one year" under § 922(g)(1).

On appeal, Hill presents the issue reserved in his conditional guilty plea. He argues a sentence greater than eleven months could not have been imposed on the Kansas conviction based on his criminal history and the severity level of the crime.

## III. Discussion

Whether a state conviction can qualify as an underlying felony for purposes of the federal felon-in-possession crime under § 922(g)(1) is determined by state law. 18 U.S.C. § 921(a)(20) ("What constitutes a conviction of [a crime punishable for a term exceeding one year] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held."). Kansas's sentencing procedures have undergone major revisions in the past several years. These shifts in Kansas law underlie Hill's challenge and a review of the legal landscape is necessary to determine the validity of Hill's claim on appeal.

## A. Legal Background

Kansas enacted the Kansas Sentencing Guidelines Act "to reduce prison

-4-

overcrowding by making a distinction between more serious and less serious offenders." *State v. Gould*, 23 P.3d 801, 811 (Kan. 2001). The Kansas guidelines also serve to standardize sentences so that like offenders are treated in a like fashion. *Id.* "The determination of a felony sentence is based on two factors: the current crime of conviction and the offender's prior criminal history." *Id.* The Kansas sentencing guidelines employ a grid, which is a two-dimensional chart. The grid's vertical axis lists the various levels of crime severity, ranging from I to IX for non-drug offenses. Kan. Stat. Ann. § 21-4704.[1] The horizontal axis is the criminal history scale, which classifies various criminal histories. *Id.* To determine an offender's presumptive sentence, one must consult the grid box at the juncture of the severity level of the crime for which the defendant was convicted and the offender's criminal history category. *Id.*; *see also Gould*, 23 P.3d at 811.

Prior to 2001, a Kansas court was instructed to impose the presumptive sentence provided by the Kansas sentencing guidelines, "unless the judge [found] substantial and compelling reasons to impose a departure." Kan. Stat. Ann. § 21-4716(a) (1995). A court could consider aggravating factors and depart based on its own discretion. *Id.* § 21-4716(b)(2) (1995). The non-exclusive list of aggravating factors included, *inter alia*, considerations such as the vulnerability

---

[1]A separate grid is used for drug offenses. *See* Kan. Stat. Ann. § 21-4705.

of the victim, excessive brutality, racial or religious motivations, and whether a fiduciary relationship existed between the defendant and the victim. *Id.* § 21-4716(b)(2)(A)-(G) (1995).

On June 26, 2000, the United States Supreme Court held that any fact increasing the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).[2] A year later, the Kansas Supreme Court struck down Kan. Stat. Ann. § 21-4716 (1995), the upward departure provision. *Gould*, 23 P.3d at 814. Upward departures could no longer be based on judicial fact-finding. *Id.* The Kansas Supreme Court explained that Kan. Stat. Ann. § 21-4716 unconstitutionally gave trial judges the discretion to base sentences above the statutory maximum

> upon a court finding of certain aggravating factors found by a preponderance of the evidence. *Apprendi*, on the other hand, requires any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. Any other procedure is an unacceptable departure from the jury tradition that is an indispensable part of our criminal justice system.

---

[2]Since *Apprendi*, the Supreme Court has repeatedly held that under the Sixth Amendment, any fact that exposes a defendant to a sentence greater than the statutory maximum must be found by a jury, not a judge, and be proved beyond a reasonable doubt, not by a preponderance of the evidence. *Ring v. Arizona*, 536 U.S. 584, 602, 609 (2002); *Blakely v. Washington*, 542 U.S. 296, 304-05 (2004); *United States v. Booker*, 543 U.S. 220, 243-44 (2005); *Cunningham v. California*, 127 S. Ct. 856, 871 (2007).

*Id*. (quotations and citation omitted). Further, the Kansas Supreme Court held its decision would be retroactive to June 26, 2000, the date on which *Apprendi* was decided. *Id*. Thus, from June 26, 2000, until the sentencing law was amended by the Kansas legislature to comport with the dictates of the Sixth Amendment, upward departure sentences in Kansas were unconstitutional.

On June 6, 2002, Kansas adopted new sentencing provisions, allowing for upward departures which comport with *Apprendi*. *See* Kan. Stat. Ann. §§ 21-4716(b), 21-4718; *see also Blakely v. Washington*, 542 U.S. 296, 320 n.1 (2004) (O'Connor, J., dissenting) (noting the Kansas Supreme Court was the only state court, prior to *Blakely*, to apply *Apprendi* to invalidate the application of its sentencing guidelines). The Kansas amendments eradicated the trial court's discretion to sentence a defendant to an upward departure based on aggravating factors. Instead, upward departures are permitted where "by unanimous vote, the jury finds beyond a reasonable doubt that one or more specific factors exist that may serve to enhance the maximum sentence." Kan. Stat. Ann. § 21-4718(b)(7). The state must seek an upward departure sentence not less than thirty days prior to trial. *Id.* § 21-4718(b)(1). The court must then determine if any facts or factors that would increase the sentence beyond the statutory maximum need to be presented to the jury and proved beyond a reasonable doubt. *Id*. § 21-4718(b)(2). As a consequence, upward departures are once more constitutional in Kansas, but

they require new procedures and a jury finding.

Prior to *Apprendi*, which was the catalyst for the changes in Kansas sentencing law, this court held that under 18 U.S.C. § 922(g)(1) a crime is punishable in excess of one year if the maximum possible punishment exceeds one year. *United States v. Arnold*, 113 F.3d 1146, 1148 (10th Cir. 1997) ("What matters is not the actual sentence which the appellant received, but the maximum possible sentence."). In *Arnold*, the defendant's maximum sentence under the Kansas sentencing grid was eleven months, taking into account his limited criminal history. *Id.* This court concluded, however, that because the state court had the power to depart upward from the presumptive sentence based on aggravating factors, the crime for which he was punished carried a possible punishment of twenty-three months. It therefore qualified under § 922(g)(1) as a crime punishable for a term in excess of one year. *Id.*

The power to depart upward relied upon in *Arnold* was then held unconstitutional by the Kansas Supreme Court in *Gould*. During the period when upward departures were unconstitutional in Kansas, this court revisited the issue in *United States v. Norris*, where the defendant was sentenced to less than a year in prison. 319 F.3d 1278, 1280 (10th Cir. 2003). Noting the defendant's convictions became final before *Apprendi*, this court held he could not claim his maximum sentence was less than a year because his convictions occurred before

-8-

the "cut-off date designated in *Gould*." *Id*. at 1283. This court, however, recognized that "[h]ad Mr. Norris' state convictions become final after June 26, 2000, we would have before us a very different case." *Id.*

That "different case" alluded to in *Norris* arose in *United States v. Plakio*, where the defendant was convicted of being a felon in possession of a firearm in violation of § 922(g)(1). 433 F.3d 692, 693 (10th Cir. 2005) (per curiam). Pursuant to United States Sentencing Guideline § 2K2.1(a)(4), the district court calculated Plakio's base offense level as twenty, based on a prior state felony drug conviction. *Id*. Plakio objected, arguing the prior conviction was not a felony under the federal sentencing guidelines because the maximum punishment for someone with his criminal history was eleven months under the Kansas sentencing guidelines. *Id*. Plakio was sentenced on May 9, 2001, during the time in which upward departures in Kansas were unconstitutional. *Id*. at 695. "Because the sentencing court could not have imposed a sentence greater than one year, Plakio's state conviction was not a felony for the purposes of the federal sentencing guidelines." *Id*.

Central to the *Plakio* decision was the premise that the maximum sentence must be calculated by focusing on the particular defendant. *Id*. at 697. The dissent in *Plakio* relied on *United States v. Harp*, 406 F.3d 242, 246 (4th Cir. 2005), to argue that the analysis should not depend on an individual defendant's

criminal history, but rather on whether the crime for which he was convicted carries with it a possible sentence in excess of a year. *Plakio*, 433 F.3d at 697-98 (O'Brien, J., dissenting) (agreeing with the Fourth Circuit's conclusion that in determining "'whether a conviction is a crime punishable by a prison term exceeding one year . . . we consider the maximum *aggravated* sentence that could be imposed for that crime upon a defendant with the worst possible criminal history.'" (quoting *Harp*, 406 F.3d at 246)). The majority rejected that approach, instead favoring one that took into account the individual defendant's criminal history category under the Kansas sentencing guidelines. *Id.* at 697. This court explained that *Arnold* suggested the focus is on the individual defendant, that an integral part of the Kansas sentencing scheme is the application of a particular defendant's criminal history to determine the presumptive sentence, and that Kansas ties the maximum punishment to the characteristics of the particular defendant. *Id.*

**B.**  *United States v. Rodriquez*

For purposes of determining the applicability of § 922(g), the focus in *Arnold*, *Norris*, and *Plakio* was on the maximum sentence to which the *individual* defendant was exposed. In a closely analogous context of the Armed Career Criminal Act ("ACCA"), however, the Supreme Court recently rejected this approach. *Rodriquez*, 128 S. Ct. at 1792. In *Rodriquez*, the Supreme Court

-10-

examined whether a prior state conviction carried a "maximum term of imprisonment of ten years or more" based on a recidivism enhancement. *Id.* at 1787. The ACCA provides an enhanced sentence for felons "who violate[] section 922(g) of [Title 18] and ha[ve] three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another . . . ." 18 U.S.C. § 924(e)(1). A serious drug offense is defined as an offense "for which a maximum term of imprisonment of ten years or more is prescribed by law." *Id.* § 924(e)(2)(A)(I). Rodriquez was convicted under § 922(g) of being a felon in possession of a firearm. *Id.* The government sought an enhancement under the ACCA identifying two prior violent felony convictions and three prior Washington state drug convictions. *Id.*

The question became whether any of the Washington state drug convictions satisfy the requirements of the ACCA. The Washington drug offenses carried with them a penalty of "imprison[ment] for not more than five years." *Id.* at 1786. A separate Washington recidivism provision, however, provided that "any person convicted of a second or subsequent offense could be imprisoned for a term of up to twice the term otherwise authorized." *Id.* (quotation and alteration omitted). The government argued that because Rodriquez was a recidivist (i.e., had three drug convictions) he thereby faced ten years' imprisonment on at least two of the prior drug convictions and these convictions could be counted under

-11-

the ACCA. *Id.* at 1787. The Ninth Circuit disagreed, holding "the maximum

term of imprisonment . . . prescribed by law must be determined without taking

recidivist enhancements into account." *Id.* at 1786 (quotation omitted). The

Supreme Court reversed, holding the calculation of the "maximum term of

imprisonment . . . prescribed by law" included the term imposed by applicable

recidivist statutes. *Id.* at 1793. In doing so, the Court explicitly rejected the

proposition "that mandatory guidelines systems that cap sentences can decrease

the 'maximum term of imprisonment.'" *Id.* at 1792.

## C.    Analysis

Hill argues the district court erred in concluding his Kansas firearm

conviction was a crime punishable by imprisonment for more than one year. We

review this question of law de novo. *Norris*, 319 F.3d at 1281.

Under Kansas law, Hill faced a maximum sentence of eleven months'

imprisonment based on the severity level of his crime and his criminal history.

Although the state court could have departed upward, any aggravating

circumstance warranting such a departure had to be proved beyond a reasonable

doubt. Kan. Stat. Ann. §§ 21-4716(b) and 21-4718(b). Because no such

circumstances were alleged or proved, Hill did not, in fact, face a sentence in

excess of one year. Under *Arnold*, *Norris*, and *Plakio*, the prospect that a

hypothetical defendant convicted of violating Kan. Stat. Ann. § 21-4204 could

-12-

face a sentence greater than one year was irrelevant to our analysis. *See Plakio*, 433 F.3d at 697 (explaining the relevant inquiry was the maximum sentence *this* defendant was exposed to under the Kansas sentencing guidelines); *Norris*, 319 F.3d at 1281-82 (focusing on the maximum sentence the individual defendant could have received); *Arnold*, 113 F.3d at 1148 (same). The focus was not on the maximum sentence for the *crime* but rather the maximum sentence for the individual *defendant*. Thus, whether the Kansas court could depart upward became crucial to the § 922(g)(1) analysis. When an upward departure was possible, the defendant could face a sentence greater than his presumptive grid sentence. *See Arnold*, 113 F.3d at 1148. Conversely, when the court lacked the authority to depart upward and the defendant's presumptive sentencing range was less than one year of imprisonment, the conviction was not a crime punishable for a term of imprisonment in excess of one year. *See Plakio*, 433 F.3d at 695-96. The focus on the individual defendant, however, was misplaced and contrary to the structure of § 922(g)(1). Moreover, the Supreme Court in *Rodriquez* has now rejected that approach.

### 1.    Structure of § 922(g)(1)

In drafting § 922(g)(1), Congress focused on the crime, not the individual defendant. The statute criminalizes the possession of firearms for "any person [] who has been convicted in any court of, a crime punishable by imprisonment for a

term exceeding one year." 18 U.S.C. § 922(g)(1). On the question of whether

§ 922(g)(1) is defendant-centered or crime-centered, the reasoning of the Fourth

Circuit is persuasive: "[s]ection 922(g)(1) requires only that the *crime* be

punishable by a term exceeding one year." *United States v. Jones*, 195 F.3d 205,

207 (4th Cir. 1999). Examining the statute, the court explained:

> In § 922(g)(1), "punishable" is an adjective used to describe "crime."
> As such, it is more closely linked to the conduct, the crime, than it is
> to the individual convicted of the conduct. Congress could have
> written § 922(g)(1) differently had it intended to focus on the
> individual in particular rather than the crime for which the individual
> was convicted. Instead of the phrase, "individual convicted of a
> crime punishable by imprisonment for a term exceeding one year,"
> Congress could have used the phrase, "individual punished by
> imprisonment for a term exceeding one year" or even "individual
> sentenced for imprisonment for a term exceeding one year."

*Id.* (alterations and quotation omitted); *see also Plakio*, 433 F.3d at 698 (O'Brien,

J., dissenting) (suggesting our focus should be on "whether the *crime* and not the

particular *defendant* is punishable by more than a year imprisonment").[3] *Jones*

examined a conviction and sentence under the North Carolina sentencing scheme.

195 F.2d at 206. Like Kansas, North Carolina employed a grid to determine a

defendant's presumptive sentence. *Id.* Even though Jones faced a maximum

penalty of twelve months' imprisonment, the Class H crime for which he was

---

[3]This distinction between the structures of crime-centered and defendant-centered statutes has been expressly explored by the Supreme Court, as we discuss *supra*, in Section III.C.2.

convicted carried a maximum sentence of thirty months' imprisonment. *Id.* at 206-07. The court concluded the statutory maximum for the crime of conviction was thirty months, and was therefore "a crime punishable by imprisonment for a term exceeding one year." *Id.* at 207; *see also United States v. Murillo*, 422 F.3d 1152, 1155 (9th Cir. 2005) (holding statutory maximum for prior conviction is "the potential maximum sentence defined by the applicable state criminal statute, not the maximum sentence which could have been imposed against the particular defendant . . . according to the state's sentencing guidelines").

Hill ignores the structure of § 922(g)(1) and asks us to focus instead on the structure of the Kansas sentencing scheme. He suggests that Kansas does not set a statutory maximum for a crime, but instead tailors each sentence to the defendant's criminal history. Although an individual defendant's sentence may be capped at his presumptive guideline range, this does not negate the Kansas code which sets a statutory maximum for each crime. Section 21-4204(b)(d) establishes that criminal possession of a firearm is a severity level VIII, nonperson felony. Section 21-4704, in turn, establishes that the range of sentences for severity level VIII crimes is seven to twenty-three months. Thus, the statutory maximum for any severity level VIII crime, including criminal possession of a firearm, is twenty-three months' imprisonment. A defendant convicted of a severity level VIII crime with a more extensive criminal history

-15-

does not commit a different *crime*.  Instead, he is simply exposed to a greater sentence under the guidelines.  Although Hill's argument had merit under *Arnold*, *Norris*, and *Plakio*, it is irreconcilable with the structure of § 922(g)(1).  Because the focus under § 922(g)(1) should be on the crime committed by the defendant, our analysis must center on the maximum statutory sentence for criminal possession of a handgun in Kansas, i.e., the statutory maximum of twenty-three months' imprisonment.  Under the doctrine of *stare decisis*, the structure of § 922(g)(1), alone, would not have been sufficient to overrule our precedent.  *See United States v. Meyers*, 200 F.3d 715, 720 (10th Cir. 2000).  Intervening Supreme Court precedent, however, overrules our prior approach.

## 2.    *United States v. Rodriquez*

Focusing on the maximum sentence for the predicate crime of conviction is mandated by the Supreme Court's analysis in *Rodriquez*.  Where the predicate crime for an ACCA enhancement is a state drug offence, the ACCA, like § 922(g)(1), looks to state law to define the term of imprisonment.  18 U.S.C. § 924(e)(2)(A)(ii); *Rodriquez*, 128 S. Ct. at 1790 ("Congress chose to rely on . . . state law as a measure of the seriousness of state offenses . . . .").  *Rodriquez* probed the meaning of the ACCA's definition of a serious drug offense, defined as an "offense" for which "a maximum term of imprisonment of ten years or more is prescribed by law."  18 U.S.C. § 924(e)(2)(A)(ii).  In this case, our analysis

-16-

turns on the meaning of the § 922(g)(1) language, "crime punishable by imprisonment for a term exceeding one year." Although § 922(g)(1) does not speak in terms of "maximum term of imprisonment" for an "offense," our analysis focuses on just that. *See, e.g.*, *Murillo*, 422 F.3d at 1153-54 ("[I]n determining whether a state conviction is punishable for more than one year's imprisonment . . . we look to the maximum penalty allowed by statute."); *Plakio*, 433 F.3d at 694 (analyzing "maximum possible sentence for the prior conviction"); *Arnold*, 113 F.3d at 1148 ("What matters is not the actual sentence which the appellant received, but the maximum possible sentence."). We see no relevant difference between defining a maximum term of imprisonment for an "offense" and for a "crime" in this context.

Before the Supreme Court, Rodriquez argued the Washington state recidivism statute should not be factored into the court's calculation of his maximum term of imprisonment. By way of analogy, he argued "if recidivist enhancements can increase the 'maximum term' of imprisonment under [the] ACCA, it must follow that mandatory guidelines systems that cap sentences can decrease the 'maximum term' of imprisonment." *Rodriquez*, 128 S. Ct. at 1792. In rejecting this proposition, the Court concluded the "'maximum term of imprisonment . . . prescribed by law' for the 'offense' was not meant to apply to the top sentence in a guidelines range." *Id.* Importantly, the Court distinguished

between statutes focusing on the maximum sentence for an individual defendant and statutes focusing on the particular crime.  In *United States v. R.L.C.*, 503 U.S. 291 (1992), the Court examined 18 U.S.C. § 5037(c) (2000), which set out the term of official detention for a delinquent juvenile.  The provision did not refer to the "maximum term of imprisonment" for an "offense," but "focused on the particular juvenile being sentenced." *Rodriquez*, 128 S. Ct. at 1793.  The provision stated a delinquent juvenile, less than eighteen years old, may be sentenced to a term of official detention which could not extend beyond the earlier of two dates: when the juvenile turned twenty-one years of age or "the maximum term of imprisonment that would be authorized if the juvenile had been tried and convicted as an adult." *R.L.C.*, 503 U.S. at 295 n.1 (quoting 18 U.S.C. § 5037(c)).  The *R.L.C.* Court held "maximum term of imprisonment" in § 5037(c) was limited to the maximum length of sentence *after* applying the guidelines. *Id.* at 306-07.  This decision was based, in large part, on the statutory emphasis on the particular juvenile and not on the offense. *Id.* at 299 ("On its face, the current language suggests . . . a focused enquiry into the maximum that would be available in the circumstances of the particular juvenile before the court."); *Rodriquez*, 128 S. Ct. at 1793 (distinguishing *R.L.C.* based on its "focus[] on the circumstances of the particular juvenile and not on the offense").

Unlike the *R.C.L.* juvenile detention statute, § 922(g)(1) does not focus on the particular offender. Instead, § 922(g)(1) is analogous to "maximum term of imprisonment . . . prescribed by law" for the "offense," focusing on the maximum punishment for "*any* defendant charged with that crime." *Harp*, 406 F.3d at 246; *see also Rodriquez*, 128 S. Ct. at 1792 (explaining the concept of "maximum" term of imprisonment "necessarily referred to the maximum term prescribed by the relevant criminal statute, not the top of a sentencing guideline range"). Section 922(g)(1), like the statute explored in *Rodriquez*, demands that courts focus on the maximum statutory penalty for the offense, not the individual defendant. *See id.* Hill was convicted of violating Kan. Stat. Ann. § 21-4204, a severity level VIII crime in Kansas. Because that *crime* carries a maximum penalty of 23 months' imprisonment, he was convicted of "a crime punishable by imprisonment for a term exceeding one year."

## IV. Conclusion

For the foregoing reasons, this panel **vacates** its prior opinion and **affirms** Hill's conviction under 18 U.S.C. § 922(g)(1).