**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 21, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

UTAH EDUCATION ASSOCIATION;
UTAH STATE AFL-CIO; AMERICAN
FEDERATION OF TEACHERS-
UTAH; AMERICAN FEDERATION
OF STATE, COUNTY, and
MUNICIPAL EMPLOYEES LOCAL
1004; UTAH SCHOOL EMPLOYEES
ASSOCIATION; and PROFESSIONAL
FIREFIGHTERS OF UTAH,

     Plaintiffs–Appellees,
v.

MARK SHURTLEFF, in his official
capacity as Attorney General of the
State of Utah,

     Defendant–Appellant.

SUTHERLAND INSTITUTE; UTAH
TAXPAYERS ASSOCIATION;
EVERGREEN FREEDOM
FOUNDATION; PARENTS FOR
CHOICE IN EDUCATION;
NATIONAL RIGHT TO WORK LEGAL
DEFENSE FOUNDATION, INC.,

     Amici Curiae.

No. 06-4142
(D.C. No. 2:03-CV-1100)
(D. Utah)

---

**ORDER**

---

Before **LUCERO** and **MURPHY**, Circuit Judges, and **ROBINSON**,[*] District Court Judge.

---

This matter is before the court on Utah's petition for rehearing with suggestion for rehearing en banc. The petition was abated pending resolution by the United States Supreme Court of Pocatello Education Ass'n v. Heideman, 504 F.3d 1053 (9th Cir. 2007), cert. granted sub nom., Ysursa v. Pocatello Education Ass'n, 128 S. Ct. 1762 (2008). We now have the Supreme Court's decision in hand, Ysursa v. Pocatello Education Ass'n, 129 S. Ct. 1093 (2009), and grant panel rehearing. We vacate our January 10, 2008, opinion, Utah Education Ass'n v. Shurtleff ("Shurtleff II"), 512 F.3d 1254 (10th Cir. 2008), and replace it with the opinion issued herewith.[1]

Entered for the Court,

ELISABETH A. SHUMAKER, Clerk

---

[*] The Honorable Julie A. Robinson, U.S. District Court Judge, District of Kansas, sitting by designation.

[1] The petition for rehearing en banc is denied as moot without prejudice to the filing of a petition for rehearing from the panel's revised opinion. We suspend 10th Cir. R. 40.3, which prohibits successive rehearing petitions. 10th Cir. R. 2.1 (providing the court with the discretion to suspend local rules); see United States v. Hill, 539 F.3d 1213, 1213-14 (10th Cir. 2008).

FILED
United States Court of Appeals
Tenth Circuit

**April 21, 2009**

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

# UNITED STATES COURT OF APPEALS

## TENH CIRCUIT

UTAH EDUCATION ASSOCIATION;
UTAH STATE AFL-CIO;
AMERICAN FEDERATION OF
TEACHERS-UTAH; AMERICAN
FEDERATION OF STATE,
COUNTY, and MUNICIPAL
EMPLOYEES LOCAL 1004; UTAH
SCHOOL EMPLOYEES
ASSOCIATION; and
PROFESSIONAL FIREFIGHTERS OF
UTAH,

      Plaintiffs–Appellees,

v.

MARK SHURTLEFF, in his official
capacity as Attorney General of the
State of Utah,

      Defendant–Appellant.

SUTHERLAND INSTITUTE; UTAH
TAXPAYERS ASSOCIATION;
EVERGREEN FREEDOM
FOUNDATION; PARENTS FOR
CHOICE IN EDUCATION;
NATIONAL RIGHT TO WORK LEGAL
DEFENSE FOUNDATION, INC.

      Amici Curiae.

No. 06-4142

**Appeal from the United States District Court
for the District of Utah
(D.C. No. 2:03-CV-1100)**

Nancy L. Kemp, Assistant Utah Attorney General, Salt Lake City, Utah (Mark L. Shurtleff, Utah Attorney General, and Thom D. Roberts, Assistant Utah Attorney General, with her on the briefs), for Defendant-Appellant.

Jeremiah A. Collins, Bredhoff & Kaiser, P.L.L.C., Washington D.C. (Michael T. McCoy and Clover R. Meaders, Utah Education Association, Murray, Utah; Arthur F. Sandack, Salt Lake City, Utah; David J. Strom and Stephanie Baxter, Washington, D.C.; Thomas A. Woodley and Douglas L. Steele, Woodley & McGillivary, Washington, D.C.; Larry P. Weinberg, Washington, D.C., with him on the brief), for the Plaintiffs-Appellees.

Maxwell A. Miller and Scott S. Bell, Parsons Behle & Latimer, Salt Lake City, Utah, filed an amici curiae brief on behalf of Defendant-Appellant.

Before **LUCERO** and **MURPHY**, Circuit Judges, and **ROBINSON**,[*] District Court Judge.

**LUCERO**, Circuit Judge.

Utah's Voluntary Contributions Act ("Utah VCA") prohibits any state or local public employer from withholding voluntary political contributions from its employees' paychecks. Utah Code Ann. § 34-32-1.1. Appellees, comprising several Utah labor unions ("Unions"), assert that the Utah VCA violates the First

---

[*] The Honorable Julie A. Robinson, United States District Court Judge, District of Kansas, sitting by designation.

Amendment by restricting public employees' political speech. The district court held that the Utah VCA was unconstitutional as applied and granted the Unions' motion for summary judgment. Utah Educ. Ass'n v. Shurtleff ("Shurtleff I"), 511 F. Supp. 2d 1106, 1110 (D. Utah 2006). After this court affirmed, Utah Education Ass'n v. Shurtleff ("Shurtleff II"), 512 F.3d 1254 (10th Cir. 2008), Utah petitioned for rehearing or, in the alternative, rehearing en banc.

Having granted panel rehearing, we hold that under the Supreme Court's decision in Ysursa v. Pocatello Education Ass'n, 129 S. Ct. 1093 (2009), we must uphold the Utah VCA. Utah is under no obligation to aid the Unions' exercise of their First Amendment rights utilizing payroll systems, Ysursa, 129 S. Ct. at 1098, regardless of whether a payroll system is administered at the state or local level, id. at 1101. Failing such an obligation, the Utah VCA is subject only to rational basis review. Id. at 1098. Utah argues that it has an interest in avoiding the entanglement of governmental workplaces with partisan politics, and Ysursa obligates us to conclude that this provides a rational basis for the law. See id. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we vacate our earlier decision, Shurtleff II, 512 F.3d 1254, and reverse the district court.

**I**

Five Utah labor organizations and one association of labor unions brought this suit against Utah Attorney General Mark Shurtleff, seeking a declaration that the Utah VCA is unconstitutional as applied to all public employers other than the

state itself.  These organizations represent several thousand Utah public

employees, including teachers and other school employees, county and municipal

employees, and firefighters.  Before the district court, all parties agreed on the

following stipulated facts.[1]

Many public employers in Utah facilitate voluntary contributions to labor

union political funds by withholding money from an employee's paycheck at the

employee's request.  In 2001, the Utah legislature attempted to end this practice

by enacting the Utah VCA.  Under the Utah VCA, public employers are barred

from deducting political contributions, including those to labor union political

funds, when issuing paychecks.  Specifically, the Utah VCA provides:

> A public employer may not deduct from the wages of its employees
> any amounts to be paid to:  (a) a candidate . . . ; (b) a personal
> campaign committee . . . ; (c) a political action committee . . . ; (d) a
> political issues committee . . . ; (e) a registered political party . . . ;
> (f) a political fund . . . ; or (g) <u>any entity established by a labor
> organization to solicit, collect, or distribute monies primarily for
> political purposes as defined in this chapter</u>.

Utah Code Ann. § 34-32-1.1(2) (emphasis added).

As defined in the Utah VCA, "political purposes" include any action

intended to "directly or indirectly" influence individuals to vote in a particular

manner at "any caucus, political convention, primary, or election."  § 34-32-

1.1(1)(b).  Covered "public employers" include both the state itself and all

---

[1] These facts are unchanged since we issued <u>Shurtleff II</u>, 512 F.3d 1254, so we repeat here only those facts necessary to resolve the appeal.

political subdivisions of the state, such as municipal governments, school districts, and special service districts. § 34-32-1.1(1)(d). Application of these provisions is purely prospective; the Utah VCA does not invalidate existing payroll deduction agreements between public employers and employees. In a letter to school districts and other public employers, however, Attorney General Shurtleff advised that "[t]he vast majority" of existing school district contracts that he had reviewed contain provisions that would violate the Utah VCA if renewed.

On September 29, 2006, the Unions moved for summary judgment, arguing that the Utah VCA as applied to local public employers was an unlawful, content-based restriction on political speech.[3] In a succinct memorandum opinion, the district court found that the statute violated the First Amendment. Shurtleff I, 511 F. Supp. 2d at 1110. Concluding that the Utah VCA restricted speech based on its content, id. at 1108, the district court applied strict scrutiny, id. at 1110. Because it found that the political purposes provision was not narrowly tailored to serve a compelling state interest, the court declared the statute unconstitutional. Id.

_____

[3] Although the Unions' amended complaint contained claims based on both the Free Speech Clause of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment, the motion for summary judgment alleged only a First Amendment violation. On appeal, the Unions again argue only that the Utah VCA violates their right to free speech.

Utah appealed, arguing that the payroll systems of local governments and school boards are nonpublic fora and that the district court instead should have applied reasonableness review. Following oral argument, we affirmed. Shurtleff II, 512 F.3d at 1256.

Utah then sought panel rehearing and suggested rehearing en banc. Before our panel ruled on Utah's petition, the Supreme Court granted certiorari in Ysursa. Because the question presented by Ysursa was identical in substance to that presented by this case, we abated Utah's petition pending the Court's decision in that case. On February 24, 2009, the Court issued its opinion in Ysursa, upholding Idaho's identically-named Voluntary Contributions Act, Idaho Code Ann. §§ 44-2004, 2601 to 2605 ("Idaho VCA"). 129 S. Ct. at 1101.

## II

### A

In a First Amendment case, we review de novo the district court's findings of constitutional fact, conclusions of law, and grant of summary judgment. Abilene Retail #30, Inc. v. Bd. of Comm'rs of Dickinson County, 492 F.3d 1164, 1170 (10th Cir. 2007). Because the district court relied entirely on the parties' stipulated facts in ruling on the summary judgment motion, we take these facts as given. We limit our review to conclusions of law.

An individual's right to be free from government abridgement of speech is protected by the Free Speech Clause of the First Amendment. U.S. Const. amend.

I; <u>Ysursa</u>, 129 S. Ct. at 1098. When a state abridges speech based on content, we presume the restriction to be invalid and subject the action to strict scrutiny. <u>Ysursa</u>, 129 S. Ct. at 1098 (citing <u>Davenport v. Wash. Educ. Ass'n</u>, 551 U.S. 177, 188 (2007)). However, a state "is not required to assist others in funding the expression of particular ideas, including political ones." <u>Id.</u> Thus, when a state merely declines to assist or subsidize speech, it does not infringe upon an individual's First Amendment rights, and we do not subject such action to strict scrutiny. <u>Id.</u> Rather, such decisions are subject to rational basis review. <u>Id.</u> Accordingly, we must decide whether the Utah VCA, as applied to local Utah government employers, merely prohibits the state from assisting or subsidizing the political speech of its employees and, if so, whether the Act has a rational basis.

**B**

In <u>Ysursa</u>, the Supreme Court upheld the Idaho VCA. <u>Id.</u> at 1101. Like the Utah VCA, the Idaho VCA prohibits "[d]eductions for political activities," Idaho Code Ann. § 44-2004(2), which include "electoral activities, independent expenditures, or expenditures made to any candidate, political party, political action committee or political issues committee or in support of or against any ballot measure," § 44-2602(1)(e).

The Supreme Court first held that, as applied to the <u>state</u> payroll, the Idaho VCA need only survive rational basis review because it "does not suppress political speech but simply declines to promote it through public employer

- 7 -

checkoffs for political activities." Ysursa, 129 S. Ct. at 1099. Under rational basis review, the Court held that "[t]he ban on [political payroll] deductions plainly serves the State's interest in separating public employment from political activities." Id.

Next, the Court addressed whether the Idaho VCA nonetheless implicates strict scrutiny as applied to local government payrolls. Id. at 1100-01. It rejected such a distinction:

> A political subdivision . . . is a subordinate unit of government created by the State to carry out delegated government functions. A private corporation enjoys constitutional protections . . ., but a political subdivision "created by the state for the better ordering of government, has no privileges or immunities under the federal constitution which it may invoke in opposition to the will of its creator."

Id. at 1101 (quoting Williams v. Mayor of Baltimore, 289 U.S. 36, 40 (1933)) (citations omitted). Applying this reasoning to the administration of payrolls at the local level, the Court held:

> Given the relationship between the State and its political subdivisions, . . . it is immaterial how the State allocates funding or management responsibilities between the different levels of government. The question is whether the State must affirmatively assist political speech by allowing public employers to administer payroll deductions for political activities. For the reasons set forth in this opinion, the answer is no.

Id.

Prior to Ysursa, this was a question of first impression in the Circuit, and we read the Supreme Court's decision in Consolidated Edison Co. of New York, Inc.

- 8 -

v. Public Service Commission, 447 U.S. 530 (1980), to guide our decision. Shurtleff II, 512 F.3d at 1260 (citing Consol. Edison, 447 U.S. 530 (declining to apply the nonpublic forum doctrine to even a heavily regulated private entity)). We have now been disabused of this notion. Ysursa, 129 S. Ct. at 1100-01.

We conclude that the analysis in Ysursa controls our review of the Utah VCA. The Unions acknowledge that they challenge the Utah VCA only as it applies to cities, counties, schools districts, and other local government employers, and not as it applies to private employers. Their position rests on the proposition that when Utah regulates local public employers' payrolls, it is not managing its internal operations but is acting as a lawmaker with the power to regulate. See Int'l Soc'y for Krishna Consciousness v. Lee, 505 U.S. 672, 678 (1992). This is precisely the proposition the Supreme Court rejected in Ysursa. 129 S. Ct. at 1101 ("[I]t is immaterial how the State allocates funding or management responsibilities between the different levels of government."). Thus, as with the Idaho VCA, the Utah VCA merely prohibits local public employers from assisting or subsidizing the political speech of their employees, and the Act must be upheld if there is any rational basis for the law. Id. at 1098.

Under rational basis review, the burden lies with the Unions "to negative every conceivable [rational] basis which might support" the Utah VCA. Powers v. Harris, 379 F.3d 1208, 1217 (10th Cir. 2004) (quotation omitted). The Unions do not attempt this feat and, given the Supreme Court's decision, would fail if they

tried. Utah states that it has an interest in avoiding the disruption of governmental workplaces by partisan politics and that this provides a rational basis for the law. It argues that "[b]y preventing political polarization in government offices, the Act focuses energies and resources of government on serving the public rather than on collecting political contributions for partisan groups." Aplt. Br. at 21. While payroll deductions are not necessarily "disruptive," Utah's position is substantially similar to that of Idaho in Ysursa, which obligates us to conclude that Utah has a legitimate "interest in avoiding the reality or appearance of government . . . entanglement with partisan politics." 129 S. Ct. at 1098. Preventing employees from making political contributions utilizing payroll deductions "plainly serves the State's interest in separating public employment from political activities." Id. at 1099; cf. Cornelius v. NAACP Legal Def. & Educ. Fund, 473 U.S. 788, 809 (1985) ("[A]voiding the appearance of political favoritism is a valid justification for limiting speech in a nonpublic forum."). Thus, the Utah VCA survives rational basis review and must be upheld.

### III

We **REVERSE** the district court's grant of summary judgment and **REMAND** to the district court for proceedings consistent with the Supreme Court's decision in Ysursa, 129 S. Ct. 1093, and this opinion.

- 10 -