Vacated by Supreme Court, June 21, 2010

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4475**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

      v.

JASON EDWARD SIMMONS,

                Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (1:07-cr-00077-LHT-1)

Argued: May 14, 2009          Decided: August 4, 2009

Before AGEE, Circuit Judge, HAMILTON, Senior Circuit Judge, and C. Arlen BEAM, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Andrew Brady Banzhoff, Asheville, North Carolina, for Appellant. Adam Christopher Morris, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee. **ON BRIEF:** Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On July 5, 2007, police officers searched the home of Jason Simmons and seized approximately forty-four pounds of marijuana and $256,566 in cash. A grand jury in the Western District of North Carolina subsequently indicted Simmons on three criminal counts: (1) conspiracy to distribute at least 100 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1) and § 846, (2) possession of at least five kilograms of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1)(b)(1)(D), and (3) possession of at least twenty kilograms of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1)(b)(1)(A)(v). Prior to trial the government filed an information pursuant to 21 U.S.C. § 851, notifying Simmons that it intended to rely on his January 29, 1996 North Carolina state conviction ("1996 conviction") for possession with intent to sell or deliver marijuana in violation of North Carolina General Statute 90-95(a) as the basis for seeking an enhanced sentence under 21 U.S.C. § 841(b)(1)(D).[1] Simmons pled guilty to all

---

[1] 21 U.S.C. § 841(b)(1)(D) provides that in a case involving the possession with intent to distribute less than fifty kilograms of marijuana, "any person [who] commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 10 years . . . ."

2

three counts of the indictment without the benefit of a plea agreement.

Prior to sentencing, Simmons filed a written response to the government's § 851 information asserting that the 1996 conviction did not qualify as a "felony drug offense" as defined in 21 U.S.C. § 802(44) and, even if it did, that conviction had been obtained in violation of his Sixth Amendment right to effective counsel.[2]   At the sentencing hearing, Simmons reiterated the arguments made in his written submission but conceded that a North Carolina state court had denied habeas relief related to the 1996 conviction.   The district court rejected Simmons' argument that the 1996 conviction was not a "felony drug offense" for purposes of applying the mandatory minimum sentences authorized in 21 U.S.C. § 841(b)(1)(D) and found Simmons' Sixth Amendment collateral attack to be meritless.   The district court sentenced Simmons to 120 months imprisonment on each count, to be served concurrently.

---

[2] 21 U.S.C. § 802(44) defines the term "felony drug offense" as:

> an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances.

(Emphasis added.)

Simmons now appeals the district court's judgment and we have jurisdiction pursuant to 18 U.S.C. § 3742. For the reasons that follow, we affirm.

I.

Simmons' 1996 conviction resulted from his guilty plea to a Class I felony under North Carolina law. The state court gave Simmons a suspended sentence of six to eight months for the 1996 conviction, which was within the presumptive range for Simmons' offense and criminal history pursuant to the statutory sentencing structure set forth in N.C. Gen. Stat. § 15A-1340.17(c). However, pursuant to N.C. Gen. Stat. § 15A-1340.17(d), the maximum sentence for a defendant with the worst criminal history convicted of a Class I felony with aggravating factors is fifteen months.

Simmons maintains that he was not subject to the mandatory minimum sentence for his current drug convictions because under North Carolina's sentencing structure he could not have received a sentence in excess of twelve months for his 1996 conviction because no aggravating factors were present in his case. Thus, Simmons concludes, the 1996 conviction cannot be a "felony drug offense" under 21 U.S.C. § 802(44) because he was not subject to imprisonment for "more than one year" under the particular facts of his case.

4

The Government responds that this case is controlled by our decision in United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which we examined the same North Carolina statutes at issue here, § 15A-1340.17(c) and (d).  In Harp, we held that "to determine whether a conviction is for a crime punishable by a prison term exceeding one year . . . we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history."  406 F.3d at 246.

Simmons acknowledges Harp but argues that it does not control the outcome of his case.  This is so, he argues, because "we know conclusively that no aggravating circumstance was present" in his case and thus he could not have received a sentence greater than 12 months.  Appellant's Br. at 9. However, the defendant in Harp also argued "that because the specific facts of his case did not provide any basis for imposition of a sentence exceeding one year, his prior conviction was not for an offense punishable by a term of imprisonment of more than one year" for purposes of applying the relevant United States Sentencing Guideline, § 4B1.2(b).  406 F.3d at 246.  "He explain[ed] that although the maximum aggravated punishment for possession with the intent to distribute marijuana, a Class I felony, [was] 15 months, the

maximum non-aggravated punishment [was] only 12 months." Id.

We explicitly rejected that argument:

> [T]his court has already rejected such an individual analysis in United States v. Jones, 195 F.3d 205 (4th Cir. 1999), in construing statutory language essentially identical to the language of § 4B1.2(b). In Jones, we held, in the context of a felon-in-possession-of-firearm conviction, see 18 U.S.C.A. § 922(g)(1) (West 2000), that a prior North Carolina conviction was for "a crime punishable by imprisonment for a term exceeding one year," id., if any defendant charged with that crime could receive a sentence of more than one year. See Jones, 195 F.3d at 206-07. In so doing, we reasoned:
>
> > [I]n § 922(g)(1), "punishable" is an adjective used to describe "crime." As such, it is more closely linked to the conduct, the crime, than it is to the individual convicted of the conduct. Congress could have written § 922(g)(1) differently had it intended to focus on the individual in particular rather than the crime for which the individual was convicted. Instead of the phrase, "individual convicted . . . of a crime punishable by imprisonment for a term exceeding one year," Congress could have used the phrase, "individual punished by imprisonment for a term exceeding one year" or even "individual sentenced for imprisonment for a term exceeding one year."
>
> Id. at 207 (internal quotation marks omitted) (alterations in original). Thus, to determine whether a conviction is for a crime punishable by a prison term exceeding one year, Jones dictates that we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history. See id. at 206-08.

Harp, 406 F.3d at 246.

6

Our precedent in <u>Harp</u> thus directly controls the result in this case where the same North Carolina statutes are at issue. It is well established that "a panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court. Only the Supreme Court or this court sitting <u>en</u> <u>banc</u> can do that." <u>Scotts Co. v. United Indus. Corp.</u>, 315 F.3d 264, 271-72 n.2 (4th Cir. 2002) (citation omitted).

Simmons contended at oral argument that the United States Supreme Court's decision in <u>United States v. Rodriguez</u>, 128 S. Ct. 1783 (2008), which was decided after he was sentenced, implicitly overrules the reasoning in <u>Harp</u> and thus it is no longer controlling. We disagree. If anything, the Supreme Court's analysis in <u>Rodriguez</u> is in harmony with the <u>ratio decidendi</u> of our prior holdings in <u>Harp</u> and <u>Jones</u>, which require us to "consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." <u>Harp</u>, 406 F.3d at 246; <u>Jones</u>, 195 F.3d at 207 (reconciling the language of section 922(g)(1) "with North Carolina's sentencing scheme by viewing the offense statutory maximum as the statutory maximum for the crime, regardless of the prior criminal record status of the defendant"); <u>see</u> <u>also</u> <u>United States v. Hill</u>, 539 F.3d 1213, 1221 (10th Cir. 2008) (holding that "Section 922(g)(1), like the statute at issue in

7

Rodriquez, demands that courts focus on the maximum statutory penalty for the offense, not the individual defendant"). But see United States v. Pruitt, 545 F.3d 416, 422 (6th Cir. 2008) (finding that "[t]he district court erred in failing to account for [the defendant's] prior record level at the time of his predicate convictions in determining whether those convictions" were "punishable by death or imprisonment for a term exceeding one year" for purposes of applying United States Sentencing Guideline § 4B1.1.).

The relevant federal statutory provision in the case at bar, 21 U.S.C. § 802(44), does not define a felony drug offense in terms of an individual defendant's particular sentencing factors, but as "an offense that is punishable by imprisonment." This statutory definition is indistinguishable from the 18 U.S.C. § 922(g)(1) provision at issue in Jones and Hill for "a crime punishable by imprisonment," and identical to the Guidelines provision in Harp — "an offense . . . punishable by imprisonment." Thus, based on our clear precedent in Harp, Simmons' contention that he was not convicted of an "offense that is punishable by imprisonment for more than one year" under the applicable North Carolina statute is without merit.

Simmons also argues that the district court erred in failing to provide a hearing (in violation of 21 U.S.C. § 851(c)(1)) so he could establish that counsel in his 1996 conviction provided ineffective assistance.[3] However, as the Government points out, any failure to provide such a hearing would constitute harmless error because Simmons' collateral attack on the prior conviction was plainly barred by the five-year statute of limitations in 21 U.S.C. § 851(e).[4]

The Government's information in this case was filed on August 17, 2007. Simmons' prior conviction occurred on January 29, 1996, well beyond the five-year time frame for a collateral challenge to the validity of that conviction. Simmons argues that he is not subject to the five-year limitation because he was unaware of the substantial constitutional defects in his prior conviction until consulting with counsel in the present

---

[3] Simmons alleges that his counsel's representation at that time was constitutionally deficient because he erroneously informed Simmons that pleading guilty was the only way to avoid jail time when, in fact, he was only subject to probation.

[4] The statute provides that

> No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction.

21 U.S.C. § 851(e).

case.  Simmons fails, however, to produce authority supporting any such notice requirement in circumstances such as these, and we find none.  Therefore, even if we assume Simmons properly requested a hearing to challenge the prior conviction (an issue we need not decide), any error in not conducting such a hearing was harmless as a matter of law.

## III.

For the reasons set forth above we affirm the judgment of the district court.

AFFIRMED