# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2751

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Maurice Haltiwanger, also known | * | |
| as Clyde, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: December 14, 2009
Filed: December18, 2009

_____

Before BYE, BEAM, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Maurice Haltiwanger pleaded guilty to one count of conspiracy to distribute fifty grams or more of cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and one count of distributing and aiding and abetting the distribution of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2. The district court[1] determined Haltiwanger had a prior conviction for a felony drug offense, which triggered a mandatory minimum sentence of 240 months

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

pursuant to 21 U.S.C. § 841(b)(1), and sentenced him to 240 months. Haltiwanger appeals his sentence contending his conviction for failure to affix a drug tax stamp in violation of Kansas Statutes Annotated § 79-504 does not qualify as a prior felony drug offense.[2] We affirm.

Haltiwanger argues his tax stamp conviction does not count as a felony drug offense because he could not have been sentenced to more than seven months imprisonment under the Kansas Sentencing Guidelines. The seven month cap is based on two factors: 1) Haltiwanger's criminal history category of I under the Kansas sentencing structure; and 2) the tax stamp offense being classified as a level 10 felony under Kansas law. See Kan. Stat. Ann. § 79-504 (classifying the offense as a level 10 felony); Kan. Stat. Ann. § 21-4704(a) (setting forth a sentencing range of five to seven months for criminal defendants who have a criminal history category of I and are convicted of nondrug[3] offenses classified as level 10 felonies).

Our focus in determining whether an offense qualifies as a felony drug offense is not upon the maximum penalty a particular *defendant* may face, but upon the maximum penalty allowed for committing a particular *crime*. See United States v. Guzman-Tlaseca, 546 F.3d 571, 579 (8th Cir. 2008) ("[I]n determining whether a state conviction is punishable for more than one year's imprisonment . . . we look to the maximum penalty allowed by [the state] statute.") (quoting United States v. Murillo, 422 F.3d 1152, 1153-54 (9th Cir. 2005)); see also United States v. Hill, 539 F.3d 1213, 1219 (10th Cir. 2008) (discussing Kansas's sentencing structure and explaining "[a]lthough an individual defendant's sentence may be capped at his presumptive

---

[2]A felony drug offense in relevant part is "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State[.]" 21 U.S.C. § 802(44).

[3]Although the tax stamp conviction is considered a nondrug offense under Kansas law, Haltiwanger does not dispute that it qualifies as a drug offense under federal law.

guideline range, this does not negate the Kansas code which sets a statutory maximum for each crime").

The maximum penalty that can be imposed under Kansas law for the crime of failing to affix a drug tax stamp is thirteen months. <u>See</u> Kan. Stat. Ann. § 21-4704(a). Thus, the crime which Haltiwanger committed is punishable by imprisonment of more than one year, and therefore qualifies as a prior felony drug offense for purposes of 21 U.S.C. § 841(b)(1).

The sentence is affirmed.

_____