**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 10, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

REYNALDO ROMERO-LEON,

Defendant - Appellant.

No. 11-2065
(D.C. No. 1:09-CR-00902-WJ-1)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **SEYMOUR**, and **O'BRIEN**, Circuit Judges.

---

Defendant-Appellant, Reynaldo Romero-Leon, appeals his sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). He contends that his previous convictions do not meet the criteria for an enhanced sentence under the ACCA. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Background

Mr. Romero-Leon pled guilty to being a felon in possession of a firearm and ammunition (Count 1) and being an alien unlawfully present in the United States in possession of a firearm (Count 2). 1 R. 6-7, 9; 18 U.S.C. §§ 922(g)(1), (g)(5)(A); 924(a)(2). Under the Sentencing Guidelines, applying a total offense level of 25 and criminal history category of IV, Mr. Romero-Leon's guideline range was 84 to 105 months. 1 R. 130; Aplt. Br. at 1. But if Mr. Romero-Leon was sentenced pursuant to the ACCA, with a total offense level of 32 and a criminal history category of VI, the guideline range was 210 to 262 months. 2 R. 18.

At the sentencing hearing, the district court concluded that Mr. Romero-Leon met the requirements for sentencing under the ACCA. 1 R. 65-66. It then ordered supplemental briefing and reaffirmed its conclusion. Id. at 127-37. It relied upon Mr. Romero-Leon's conviction on June 28, 1999 for trafficking (possession with intent to distribute) (cocaine), and another conviction (same offense) on March 19, 2002. Id. at 129. The first drug trafficking conviction covered three offenses, occurring on separate dates in 1996 and 1997, that were consolidated into one plea agreement. Id.; 2 R. 6-10. Each of the consolidated offenses carried a sentence of nine years, and an aggravation enhancement under New Mexico law could have applied to each offense, N.M. Stat. § 31-18-15.1, thereby raising each above the ten-year threshold required for sentencing under

the ACCA.  1 R. 133, 135-36.  It was undisputed that the 2002 conviction could have been enhanced in several ways, and met the ten-year threshold.  Id. at 106.

## Discussion

We review *de novo* legal questions about whether a sentence should be enhanced pursuant to the ACCA.  See United States v. Johnson, 630 F.3d 970, 975 (10th Cir. 2010).  The ACCA provides that a person who violates certain federal gun laws, and has three previous convictions for a serious drug offense—defined as a drug offense for which maximum imprisonment is ten years or more—shall be sentenced pursuant to the ACCA.  See 18 U.S.C. § 924(e).  Mr. Romero-Leon argues that he does not have three prior convictions that meet the requirements of the ACCA, as only one of the sentences carried a maximum sentence of ten years or more, and three of the offenses were covered by one plea agreement.  Aplt. Br. 2-3.  The government argues, on the other hand, that the district court was correct in applying the ACCA because each offense was committed on a separate date and that each carried a penalty of ten years or more. Aplee. Br. 12-13.

The ACCA defines a "serious drug offense," in the state context, as: "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law."  18

U.S.C. § 924(e)(2)(A)(ii).  As the Supreme Court stated in <u>United States v. Rodriquez</u>, 553 U.S. 377 (2008), "[s]ince ACCA is a recidivist statute, Congress . . . must have understood that the 'maximum penalty prescribed by [state] law' in some cases would be increased by state recidivism provisions" applicable to the defendant, and not merely limited to the upper end of the applicable guidelines range.  <u>Id.</u> at 386, 390.

In this case, the district court held that the applicable aggravation or mitigation provisions under state law resulted in potential maximums over the ten-year threshold.  1 R. 133.  Though the New Mexico Supreme Court subsequently held that N.M. Stat. § 31-18-15.1—allowing a judge to increase a sentence by one-third for aggravating circumstances after a jury's verdict—is facially unconstitutional, <u>see</u> <u>State v. Frawley</u>, 172 P.3d 144, 154-56 (N.M. 2007), it did not apply this holding retroactively, <u>see</u> <u>id.</u> at 156-58.  Therefore, when Mr. Romero-Leon was originally sentenced for his 1996 and 1997 offenses, it was prior to the state court's 2007 holding in <u>Frawley</u>.  Accordingly, § 31-18-15.1 could have been applied, raising the potential maximum penalty above the ten-year threshold required under the ACCA.  <u>See</u> <u>McNeill v. United States</u>, 131 S. Ct. 2218, 2220 (2011) ("[F]or ACCA purposes . . .  the 'maximum term of imprisonment' for a defendant's prior state drug offense is the maximum sentence applicable to his offense *when he was convicted of it*."  <u>Id.</u> (emphasis added)).

This circuit addressed a similar question in <u>United States v. Hill</u>, 539 F.3d

- 4 -

1213 (10th Cir. 2008). In that case, this court considered whether a term of imprisonment could be calculated with reference to aggravation enhancements under state law for the purposes of 18 U.S.C. § 922(g)(1)—the federal felon in possession statute. This statute makes it unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to carry a gun or ammunition. Id. We held that applicable aggravation enhancements could be used to consider whether a sentence was greater than one year, given the Supreme Court's decision in Rodriquez. Hill, 539 F.3d at 1221. Analogizing § 922(g)(1) to the ACCA, this court held that, regardless of whether applicable aggravating factors were applied to the specific defendant's sentence, they should be taken into consideration when calculating the length of the underlying sentence for purposes of § 922(g)(1). Id. at 1218-19; see also United States v. Simmons, 649 F.3d 237, 247 (4th Cir. 2011) ("A first-time offender does not commit . . . an aggravated, repetitive 'offense'; he therefore cannot be convicted of any offense 'punishable' by a term of imprisonment reserved for repeat offenders."). Three of Mr. Romero-Leon's offenses were subject to enhancements under New Mexico law. 1 R. 132-33.

The ACCA further states that the prior convictions must have taken place on "occasions different from one another." 18 U.S.C. § 924(e)(1). In United States v. Bolton, 905 F.2d 319, 323 (10th Cir. 1990), this court held that although the defendant was convicted in a "single judicial proceeding" for four armed

- 5 -

robberies, the ACCA enhancement was proper because the robberies took place "on separate dates and at separate locations." Id.; see also United States v. Michel, 446 F.3d 1122, 1133-35 (10th Cir. 2006) (finding three separate criminal incidents when all occurred in the same night); United States v. Tisdale, 921 F.2d 1095, 1098-99 (10th Cir. 1990) (finding that three burglaries occurring on the same night, in the same mall, were "separate criminal episodes" for purposes of the ACCA). There is no question, then, that Mr. Romero-Leon's prior offenses took place on separate occasions as they occurred on separate dates—even if consolidated into one plea agreement. 1 R. 26-30; 2 R. 7-10.

Here, while all of Mr. Romero-Leon's consolidated offenses carried a sentence of nine years, at the time of his convictions each could have been enhanced under New Mexico law by three years for aggravating circumstances. 2 R. 7-10. In addition, each occurred on a separate occasion, as defined by this circuit. Therefore, the district court was proper in sentencing him under the ACCA.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge