FILED
United States Court of Appeals
Tenth Circuit

October 9, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENST CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | |
| v. | No. 15-3140 |
| | (D.C. Nos. 2:14-CV-02271-KHV and |
| WILLIE F. FORD, | 2:10-CR-20129-KHV-7) |
| | (D. Kan.) |
| Defendant - Appellant. | |

ORDER
DENYING CERTIFICATE OF APPEALABILITY

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.

Defendant-Appellant Willie F. Ford, a federal inmate appearing pro se, seeks to appeal from the district court's overruling of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. United States v. Ford, No. 14-2271, 2015 WL 2449574 (D. Kan. May 22, 2015). Because Mr. Ford has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request for a certificate of appealability (COA) and dismiss the appeal. See Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

Background

A jury convicted Mr. Ford of (1) conspiracy to distribute and possess with

intent to distribute more than 5 kilograms of cocaine and more than 280 grams of cocaine base, 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)–(iii), and 846 (Count 1); (2) conspiracy to maintain a residence for the purpose of distributing crack within 1,000 feet of a public secondary school, 21 U.S.C. §§ 856(a)(1), 860(a), and 846, and 18 U.S.C. § 2 (Count 4); (3) distribution of crack within 1,000 feet of a public secondary school, 21 U.S.C. §§ 841(a)(1), 860(a), and 18 U.S.C. § 2 (Count 5); and (4) use of a communication devise to facilitate a drug trafficking offense, 21 U.S.C. § 843(b) and 18 U.S.C. § 2 (Count 12).  The district court sentenced Ford to 420 months imprisonment.  This court affirmed.  United States v. Ford, 524 F. App'x 435 (10th Cir. 2013).

Subsequently, Mr. Ford filed a § 2255 motion alleging ineffective assistance of counsel based on counsel's (1) failure to object to the indictment as multiplicitous; (2) failure to object to the lack of specific drug type and quantity in the indictment;[1]  (3) failure to effectively object to the career offender enhancement; and (4) failure to raise these issues on appeal.  The district court overruled Mr. Ford's motion.   Ford, 2015 WL 2449574, at *7.

### Discussion

To obtain a COA, Mr. Ford must demonstrate that "reasonable jurists would

---

[1]  On appeal, Mr. Ford argues that counsel failed to object to the jury instructions on Count 1.

find the district court's assessment of [his] constitutional claims debatable or wrong." Slack, 529 U.S. at 484. To succeed on an ineffective assistance claim, Mr. Ford must show that his counsel's performance was below an objective standard of reasonableness and that Mr. Ford was prejudiced by such deficiency. Strickland v. Washington, 466 U.S. 668, 687–88 (1984).

Mr. Ford first asserts that his counsel provided ineffective assistance because counsel failed to argue Count 1 and Count 4 of the indictment were multiplicitous. The district court's conclusion that counsel's conduct was neither deficient nor prejudicial is not reasonably debatable. Ford, 2015 WL 2449574, at *4. We have previously held that convictions under § 846 and § 856 are not multiplicitous. See United States v. McCullough, 457 F.3d 1150, 1162 (10th Cir. 2006) (explaining that "the plain language and legislative history of § 856 'demonstrate that Congress unequivocally determined to create a distinct offense––with its own, separate punishment––aimed specifically at criminalizing the use of property for narcotics-related purposes.'" (alterations omitted) (quoting United States v. Sturmoski, 971 F.2d 452, 461 (10th Cir. 1992))). No double jeopardy problem arises from Mr. Ford's convictions because the evidence required to prove the conspiracy under Count 1 was not sufficient to establish the conspiracy under Count 4, and vice versa. See Ford, 2015 WL 2449574, at *4 n.3 (outlining the different elements required for Counts 1 and 4); see also Blockburger v. United States, 284 U.S. 299, 304 (1932).

Mr. Ford also states that counsel was ineffective for not objecting to, what Mr. Ford characterizes as, the government's failure to prove the conspiracy alleged in Count 4 beyond a reasonable doubt.  This assertion seems to be based on Mr. Ford's argument that Counts 1 and 4 are multiplicitous and founded upon only one agreement.  Because the district court's rejection of Mr. Ford's multiplicity argument is not reasonably debatable, this argument is likewise unavailing.

Mr. Ford also contends on appeal that his attorney provided ineffective assistance by failing to object to the jury instructions for Count 1.  The Second Superseding Indictment charged Mr. Ford with conspiracy to distribute and possess more than five kilograms of cocaine and more than 280 grams of cocaine base.  The district court's jury instructions on Count 1, however, only required the jury to find that the conspiracy involved more than five kilograms of cocaine *or* more than 280 grams of cocaine base.  Mr. Ford alleges that this improperly amended the charge in the indictment and that the failure to object constituted ineffective assistance.  While Mr. Ford may have argued in his motion that counsel was ineffective for not proposing an instruction on drug type and quantity, see Ford 2015 WL 2449574, at *5, Mr. Ford simply did not advance this rationale such that the district court could address it; accordingly, this argument is waived.  See Schrock v. Wyeth, Inc., 727 F.3d 1273, 1284 (10th Cir. 2013); BioDiversity Conservation Alliance v. Bureau of Land Mgmt., 608 F.3d 709, 714

(10th Cir. 2010).

Mr. Ford next argues that counsel provided ineffective assistance because he did not effectively object to the court's classification of Mr. Ford as a career offender. Based upon United States v. Hill, 539 F.3d 1213 (10th Cir. 2008), the district court held that Mr. Ford's previous conviction under Kansas law for fleeing and eluding was a crime of violence, qualifying Mr. Ford as a career offender. Though we later overruled Hill in United States v. Brooks, 751 F.3d 1204, 1213 (10th Cir. 2014), we do not think that the district court's conclusion that Mr. Ford cannot show deficient performance or prejudice (reasonably probability of a different sentence) is reasonably debatable. Ford, 2015 WL 2449574, at *6 n.5. Counsel is not required to predict changes in the law.

Finally, to the extent Mr. Ford is arguing that appellate counsel was somehow ineffective, no such basis has been advanced and the district court's contrary conclusion is not reasonably debatable.

We DENY a COA, DENY IFP status, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge