**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

WILLIE F. FORD,

    Defendant - Appellant.

No. 18-3001
(D.C. Nos. 2:17-CV-02723-KHV &
2:10-CR-20129-KHV-7)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BACHARACH** and **MORITZ**, Circuit Judges.
_____

Willie F. Ford, a federal prisoner appearing pro se, filed a "Motion Pursuant to Rule 60(b) Seeking to Re-Open Case and Set Aside Order Denying Relief," which the district court construed as an unauthorized second or successive 28 U.S.C. § 2255 motion and dismissed for lack of jurisdiction. To appeal from that decision, Mr. Ford must obtain a certificate of appealability (COA). *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). For the reasons that follow, we deny a COA and dismiss the matter.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Ford was convicted of (1) conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine and more than 280 grams of cocaine base (crack); (2) conspiracy to maintain a residence for the purpose of distributing crack within 1,000 feet of a public secondary school; (3) distribution of crack within 1,000 feet of a public secondary school; and (4) use of a communication device to facilitate a drug trafficking offense. He was sentenced to 420 months in prison. On direct appeal, we affirmed his convictions and sentence. *United States v. Ford*, 524 F. App'x 435, 437 (10th Cir. 2013).

Mr. Ford then filed a pro se 28 U.S.C. § 2255 motion, bringing claims for ineffective assistance of counsel. The district court denied the motion and we denied Mr. Ford's request for a COA. *United States v. Ford*, 627 F. App'x 735, 736 (10th Cir. 2015). Mr. Ford subsequently filed the underlying 60(b) motion. The district court determined that the 60(b) motion was an unauthorized second or successive § 2255 motion and dismissed it for lack of jurisdiction.

Mr. Ford now seeks a COA to appeal from the dismissal of his motion. To obtain a COA, he must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Mr. Ford has failed to make this showing.

A prisoner may not file a second or successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *id.* § 2255(h). Absent such authorization, a district

court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

A 60(b) motion should be treated as a second or successive § 2255 motion "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). A 60(b) motion may not be treated as a successive § 2255 motion if it "either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application" or "(2) challenges a defect in the integrity of the federal habeas proceeding," as long as "such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior [§ 2255 motion]." *Id.* at 1216.

In his 60(b) motion, Mr. Ford argued that there was a defect in the integrity of his habeas proceeding resulting from the lack of counsel to adequately litigate his substantive claim for ineffective assistance of trial counsel. He asserted that trial counsel was ineffective for failing to raise objections to the drug quantity and firearms that were attributed to him as part of the conspiracy. He further argued that the district court erred in failing to make particularized findings about the scope of the specific agreement he joined in relation to the conspiracy as a whole and in failing to give certain instructions to the jury.

The district court explained that Mr. Ford's allegation of ineffective assistance in his first § 2255 proceeding did not constitute a defect in the integrity of his habeas proceeding, "but in effect asks for a second chance to have the merits [of his § 2255 motion] determined favorably." R., Vol. 4 at 124 (internal quotation marks omitted).

3

Likewise, the district court explained that Mr. Ford's arguments that trial counsel was ineffective for failing to make certain objections and that the court erred in failing to make particularized findings and give certain instructions to the jury did "not assert a defect in the habeas proceedings or challenge a procedural ruling." *Id.* The district court therefore construed all of these claims as second or successive § 2255 claims. Because Mr. Ford had not obtained the proper authorization from this court to file successive § 2255 claims, the district court dismissed the 60(b) motion for lack of jurisdiction.

In his request for a COA, Mr. Ford raises the same merits-based challenges to his convictions and sentence, and fails to address how the district court erred in its procedural ruling. Reasonable jurists could not debate that the district court was correct in its procedural ruling to construe Mr. Ford's 60(b) motion as an unauthorized second or successive § 2255 motion and dismiss it for lack of jurisdiction. All of Mr. Ford's arguments in his 60(b) motion asserted or reasserted a federal basis for relief from his underlying convictions and sentence and he did not receive authorization from this court to file a successive § 2255 motion. Accordingly, we deny Mr. Ford's request for a COA and dismiss this matter.

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk

4